ROUNTREE et al. v. MT. HOOD R. CO. et al.

(District Court, D. Oregon. January 10, 1916.)

No. 6983.

1. REMOVAL OF CAUSES ⊕⇒107—SEPARABLE CONTROVERSIES—JOINT OR SEVERAL CAUSES OF ACTION.

Whether an action against resident and nonresident defendants is joint or several is a question exclusively for the state court to determine, and where plaintiff has in good faith elected to make a joint cause of action, the question of proper joinder will not be tried in the removal proceedings, and for the purpose of removal the case must be held to be that which plaintiff has stated in his cause of action.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. ⊕⇒107.]

2. REMOVAL OF CAUSES ⊕⇒49—SEPARABLE CONTROVERSIES—JOINT OR SEVERAL CAUSES OF ACTION.

Where defendants who are manifestly not liable jointly are nevertheless joined, it may reasonably be presumed that the act of joinder was

not an act of good faith, but was done for some ulterior purpose and such joinder does not prevent removal by a nonresident defendant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. ⊛49.]

3. REMOVAL OF CAUSES ⊛107—SEPARABLE CONTROVERSIES—JOINT OR SEVERAL CAUSES OF ACTION.

In an action in a state court against a nonresident railroad company and its resident general manager for damages from fire, the complaint alleged that the corporation, jointly with the general manager, did the acts complained of, resulting in the escape of fire from the right of way. The railroad company's petition for removal showed that it managed its business through several wholly independent departments, each having its head officer; that such general manager had control of that department of the business pertaining to the general policy of the company, but had nothing whatever to do with the care, control, or management of the right of way, the repair, maintenance, or operation of the rolling stock, or care, repair, or maintenance of the roadbed; and that the operating department was under the exclusive control of a superintendent. This petition was supported by affidavits to the same effect, but was traversed by an answer, and plaintiffs filed an affidavit showing that on the trial of another action, the general manager gave evidence tending to show that he had and exercised authority in employing, paying, and discharging employés in and about the right of way. The general manager admitted giving this testimony, but explained that what he did was in connection with a settlement through which suggestions only were made by him. Held, that a legal question as to the liability of the general manager and his joint liability with the company was presented, and hence the cause was not removable, as the court could not conclude that the joinder of the general manager was without right and in bad faith.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. ⊛107.]

At Law. Action by W. H. Rountree and another against the Mt. Hood Railroad Company and another. On motion to remand to the state court. Motion allowed.

A. J. Derby, of Hood River, Or., for plaintiffs.

Huntington & Wilson, of Portland, Or., and Ernest C. Smith, of Hood River, Or., for defendants.

WOLVERTON, District Judge. This cause having been removed from the state court to this, the matter now comes up on a motion to remand. The defendant railroad company is a citizen and inhabitant of the state of Utah, but is engaged in the business of operating a railroad within the county of Hood River, state of Oregon. The defendant Early is its general manager, and is a citizen and resident of the state of Oregon. Plaintiffs complain of injuries sustained by reason of the escape of fire from the railroad company's right of way.

[1] The real question presented for decision is whether Early was made party defendant in bad faith merely for the purpose of circumventing jurisdiction of a federal court on a cause for removal. It has become the settled law of the Supreme Court of the United States that, whether the action is joint or several only is a question exclusively for the state court to determine. In other words, if the plaintiff has in good faith elected to make a joint cause of action, the ques-

tion of proper joinder is not to be tried in the removal proceedings, and, however it may turn out upon the merits, for the purpose of removal the case must be held to be that which the plaintiff has stated in his cause of action. Alabama Great Southern Railway Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Wecker v. National Enameling Co., 204 U. S. 176, 182, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757.

"The motive of the plaintiff" says the court in Chicago, R. I. & Pac. Ry. v. Schwyhart, 227 U. S. 184, 193, 33 Sup. Ct. 250, 251 (57 L. Ed. 473) "taken by itself, does not affect the right to remove. If there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right."

[2] It may reasonably be presumed, however, where defendants, manifestly not jointly liable, are nevertheless joined, that the act of joinder was not an act of good faith, but was done for some ulterior purpose, and I take it that such an act could not well be made the basis for resisting removal. But if the legal question is presented whether the defendants joined are jointly liable, that becomes a matter for determination by the state court, and not the federal, although there might be a cleavage in the holding on that question by the two jurisdictions.

[3] With these premises in view, let us examine the record. The complaint charges that the corporation jointly with Early, the latter acting in the regular course of employment, did the acts complained of, resulting in the escape of fire from the railroad company's right of way and the consequent injury of plaintiffs' property. The railroad company, by its petition for removal, shows, among other things, that the company manages its business through several wholly independent departments, each having its head officer; that Early is, and was at the time of the trouble, vice president and general manager of the company, and has and had control of that department of business pertaining to the general policy of the company, to its relations with other transportation companies, to making contracts for equipment, fuel, and other appliances, and to the fixing of rates for transportation, but has and had nothing whatever to do with the care, control, or management of the right of way, or the repair, maintenance, or operation of the engines, cars, or other rolling stock, or the care, repair, or maintenance of the roadbed; that the operating department is under the exclusive control and direction of an officer, other than Early, who is called a superintendent, and that such superintendent has the exclusive care, management, and control of the right of way and roadbed, and employs and discharges all employés engaged in taking care of and maintaining the right of way and roadbed, and all persons engaged in the operation, control, and direction of trains, engines and cars over the road.

The plaintiffs, by an answer to the petition, have traversed completely the allegation that Early had nothing to do with the care, control, and management of the right of way, etc., and that the operating department is under the exclusive control and direction of a superintendent, etc. In further support of the petition, Early's affidavit

has been filed, setting forth the same matter in effect that the petition contains, and the affidavit of A. Wilson has also been filed corroborating Early in part. On the other hand, the plaintiffs have filed the affidavit of Paul B. Powers, showing that at a trial had in Hood River county on April 5, 1915, Early gave evidence tending to show that he did have and exercise authority in employing, paying, and discharging employés in and about the right of way of the railroad. Early admits that he gave the testimony, but explains that what he did was in connection with a settlement made with one Pappas, through which suggestions only were made touching his further employment by the company. Now, it is quite apparent, from these pleadings, affidavits, and counter affidavits, that there is presented a legal question as to the liability of Early and his joint liability with the railroad company for the alleged injuries sustained by the plaintiffs. What this court might say touching such liability is not the test as to the railroad company's right of removal. That is a question for the state court to determine upon proper pleadings and proof in that court. As it relates to the authority of Early as general manager with respect to keeping the right of way clear of combustible débris and the employment and discharge of laborers in that service, there is a palpable dispute, and it is by no means without controversy that the railroad company and Early have stated the real fact touching Early's authority in the premises.

It was held in Ches. & Ohio Ry. v. Cockrell, 232 U. S. 146, 152, 34 Sup. Ct. 278, 58 L. Ed. 544, that merely to traverse the allegations of joint liability made on the part of the plaintiff is not sufficient to show fraud, but that facts must be set forth such as compel the conclusion that the joinder is without right and made in bad faith. This holding has been reaffirmed in a very recent case. Chicago, Rock Island & Pac. Ry. Co. et al. v. Whiteaker, 239 U. S. 421, 36 Sup. Ct. 152, 60 L. Ed. ——. If this be so, it must also be true that, where the defendant attempts to show bad faith by allegations and affidavits, and those allegations and affidavits are completely traversed, bad faith has not been established. In other words, the court cannot conclude that the joinder was without right and made in bad faith.

The question whether nonfeasance would acquit Early of joint liability with the railroad company can hardly arise in this proceeding, because the allegations and affidavits tending to show nonfeasance are traversed, and the railroad company's case in that respect is not established. At least, it is not made so clear that the court will presume bad faith on the part of plaintiffs in joining the defendants in the action.

The motion to remand will be allowed.