### 10482.  POSTAL TELEGRAPH-CABLE COMPANY v. PUCKETT.

1. In an action for injuries to an employee occasioned while working in close proximity to a high-powered electric wire, the declaration alleged that the plaintiff, an employee of the defendant corporation, while "in charge and control of" and "working under the direction" of the defendant's foreman, owing to the joint negligence of the defendant corporation and its foreman in failing to provide the plaintiff with a reasonably safe and suitable place in which to work and reasonably safe and suitable instrumentalities and appliances, and in failing to give him proper warning and instructions as to the danger to which he was subjected in the work which he was ordered and directed to perform, was injured, etc.  *Held,* that the declaration alleged joint negligence on the part of the defendants—the corporation and the foreman.

2. Neither of the words "superintendent" or "foreman" necessarily imports that the one to whom they are applied is the alter ego of the defendant; but where one designated as such has authority to employ laborers and is in charge of the work being done, he is a vice-principal of the master.

3. If upon the face of the declaration the action is joint, for the purpose

of determining the right of removal the cause of action must be deemed to be joint. "A defendant has no right to say that an action shall be several which a plaintiff elects to make joint."

4. Where a joint suit is brought by a resident of this State against a foreign corporation doing business in this State, and against one of its employees who resides in this State, for an injury alleged to have resulted from negligent acts committed by both defendants, the suit is not removable by the corporation as a separable controversy.

5. "The right of a non-resident defendant to remove the cause cannot be defeated by a fraudulent joinder of a resident defendant, but the defendant seeking removal must allege facts which compel the conclusion that the joinder is fraudulent. Merely to apply the term 'fraudulent' to the joinder is not sufficient to require the State court to surrender its jurisdiction."

6. A declaration which alleges a cause of action against joint defendants, one a resident of Georgia and the other a resident of Delaware, is conclusive as against the non-resident defendant's right to remove the cause, where the petition to remove contains no statement of facts from which the court can draw a conclusion that the joinder is not only in bad faith but without right.

7. In the instant case the declaration sets out a cause of action against two joint tort-feasors, and the petition for removal, which contains several excerpts from evidence adduced on another trial in another court, failing to show that the resident defendant was made a party fraudulently and in bad faith, the refusal of the trial judge to pass an order removing the case to the Federal court was not erroneous.

DECIDED NOVEMBER 19, 1919.

Petition for removal of cause; from Muscogee superior court—Judge Howard. February 24, 1919.

Application for certiorari was denied by the Supreme Court.

This suit was filed in the superior court of Muscogee county against the Postal Telegraph-Cable Company and M. C. Welch as joint tort-feasors. The Telegraph Company, being a non-resident corporation, sought to remove the cause to the Federal court, its petition for removal being based on two grounds: (1) that a separable controversy was stated in the plaintiff's declaration; and (2) that there was a fraudulent joinder of the defendant Welch. The trial judge, to whom the petition for removal was addressed, passed an order disallowing the removal, and the defendant corporation excepted.

Substantially, but somewhat abbreviated, the plaintiff's declaration alleged the following facts: that at the time he was injured he was in the employ of the defendant corporation at Columbus, Georgia, having gone there from Atlanta, Georgia, the day before he was hurt; that he, together with other employees of the defend-

ant corporation, was changing certain wires from one side of the street to the other, to comply with the requirements of an ordinance of the city of Columbus, when he received his injuries, and that in order so to change the wires he was ordered and directed to climb a telegraph pole of the defendant; that it was approximately 50 feet high, and had telegraph wires strung only a few inches from the top; that the Columbus Power Company built a line of poles to which was strung a high-powered wire carrying eleven thousand volts of electricity; that the poles of the Columbus Power Company bearing this high-powered wire were about equidistant from the defendant's telegraph pole, and that the high-powered wire was strung only five and a quarter inches above the telegraph wires, crossing them at right angles and only about three feet from the telegraph pole upon which the plaintiff was working when injured. It is further alleged that the rules of the defendant corporation required that no high-powered wire or wires should be strung at a nearer distance above any of its telegraph wires than forty-two inches. The declaration alleged also that the defendant Welch ordered the plaintiff to climb the pole in question for the purpose of cutting down certain wires on the cross-arm at the top of the pole, without notifying him that the high-powered wire was in dangerous proximity to the telegraph wires which he was directed to cut. The declaration also sets out that the negligent acts of the defendant corporation were committed through the defendant Welch, its district foreman for the State of Georgia, who it is alleged was the alter ego of the defendant corporation, having then and there general supervision and direction of the petitioner as well as of the other employees of the defendant.

*T. T. Miller, Anderson, Rountree & Crenshaw,* for plaintiff in error.

*Ed. Wohlwender, Atkinson & Born,* contra.

SMITH, J. (After stating the foregoing facts.) There is but one question presented, to wit: the correctness of the ruling upon the petition for removal to the Federal court. Whether an action is joint or several is a question for the State court to determine. Rountree *v.* Mt. Hood R. Co., 228 Fed. 1010; Alabama Great Southern Ry. Co. *v.* Thompson, 200 U. S. 206 (26 Sup. Ct. 161, 50 L. ed. 441, 4 Ann. Cas. 1147) ; Wecker *v.* National Enameling Co., 204 U. S. 176 (27 Sup. Ct. 184, 51 L. ed. 430, 9 Ann.

Cas. 757). It is well settled that a plaintiff may elect his own method of attack (5 Fed. Stat. Ann. 138, and numerous cases there cited) ; and if "upon the face of the declaration — the only pleading in the case — the action is joint, for the purpose of determining the right of removal, the cause of action must be deemed to be joint." L. & N. R. Co. *v.* Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. ed. 63) ; *Southern Ry. Co.* v. *Miller,* 1 *Ga. App.* 616 (57 S. E. 1090). The test of separability has been stated as follows: "In order to justify such removal, on the ground of a separate controversy between citizens of different states, there must, by the very terms of the statute [act of March 3, 1875, c. 137, § 2, 18 Stat. 470 (U. S. Comp. St. § 1010)], be a controversy 'which can be fully determined as between them;' and, by the settled construction of this section, the whole subject-matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit." 5 Fed. Stat. Ann. (2d ed.) 123. See also Hyde *v.* Ruble, 104 U. S. 407 (26 L. ed. 823) ; Corbin *v.* Van Brunt, 105 U. S. 576 (26 L. ed. 1176) ; Fraser *v.* Jennison, 106 U. S. 191 (27 L. ed. 131) ; Winchester *v.* Loud, 108 U. S. 130 (2 Sup. Ct. 311, 27 L. ed. 677). To say the least, the case must be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more States on one side and citizens of other States on the other, which can be fully determined without the presence of any of the other parties to the suit as it has been begun. This rule applies to torts as well as to contracts. 5 Fed. Stat. Ann. (2d ed.) 133, and numerous cases there cited.

Applying the above-stated test to the declaration under consideration, we hold the action joint and not several, since the same acts of negligence are charged against both defendants. In other words, no act of negligence is charged against either of the defendants which is not charged against the other. The case of Russell *v.* Champion Fibre Co., 214 Fed. 963 (131 C. C. A. 259), is substantially parallel to the case under review. The plaintiff had the right to join in the same suit the Postal Telegraph-Cable Company, the master, and Welch, the foreman of that company. As to the right to join causes of action against employer and

employee, see Russell *v.* Champion Fibre Co., supra; *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191); *Southern Ry. Co.* v. *Miller,* supra. However, if the master was not liable under what is commonly called the fellow-servant rule, there could be no legal joinder. In the case under consideration the plaintiff and the defendant Welch were not fellow servants. In this State the character of the duties performed, whether the non-assignable duties of the master or not, has been adopted as the test of whether one is a fellow servant of an injured employee, rather than the grade of rank of the servants respectively. *Moore* v. *Dublin Cotton Mills,* 127 *Ga.* 610 (56 S. E. 839, 10 L. R. A. (N. S.) 772); *Williams* v. *Garbutt Lumber Co.,* 132 *Ga.* 215, 231 (64 S. E. 65). While neither the word "superintendent" nor the word "foreman" necessarily imports that the one to whom these words are applied is the alter ego of the defendant, it was alleged that he had authority to employ laborers and was in charge of the work, and under repeated rulings of our Supreme Court such a person would be the vice-principal of the master. See *Taylor* v. *Georgia Marble Co.,* 99 *Ga.* 512 (27 S. E. 768, 59 Am. St. R. 238); *Woodson* v. *Johnston,* 109 *Ga.* 454 (34 S. E. 587); *Moseley* v. *Schofield's Sons Co.,* 123 *Ga.* 197, 200 (51 S. E. 309); *Ingram* v. *Hilton & Dodge Lumber Co.,* 125 *Ga.* 658, 660 (54 S. E. 648). Now, if Welch could not be held individually liable for the resulting injury to the plaintiff, the suit would be merely a suit against the master, the Postal Telegraph-Cable Company; and, that company not being a domestic corporation, and the amount involved being more than $3,000, the case would be removable upon proper application. To determine this question we must look to plaintiff's declaration to see if it charged Welch with any individual liability. Among other acts of negligence the declaration charged specifically that Welch ordered and directed the plaintiff to climb a certain telegraph pole and cut down certain wires strung to the cross-arm of the pole, without notifying him that a high-powered wire was in dangerous proximity to the wires he was ordered to cut. The failure to warn the plaintiff of the dangers to which he was thus exposed amounted to misfeasance on the part of the defendant Welch. "Misfeasance means the improper doing of an act which the agent might lawfully do; or, in other words, it is the performing of his duty to his principal in such a manner as to infringe

upon the rights and privileges of third persons. Where an agent fails to use reasonable care or diligence in the performance of his duty, he will be personally responsible to a third person who is injured by such misfeasance. . . When once he enters upon the performance of his contract with his principal, and in doing so, omits or fails to take reasonable care in the commission of some act which he should do in its performance, whereby some third person is injured, he is responsible therefor to the same extent as if he had committed the wrong in his own behalf." *Southern Ry. Co.* v. *Sewell,* 18 *Ga. App.* 552 (90 S. E. 54).

We come now to the question whether or not there was a fraudulent joinder of the defendant Welch. The allegations contained in the petition to remove and the amendment thereto amount to no more than a traverse of the charge of negligence set out in plaintiff's declaration, and consequently are wholly insufficient to raise an issue of fraudulent joinder of Welch as a codefendant. See, in this connection, Chesapeake & Ohio Ry. Co. *v.* Dixon, 179 U. S. 131 (21 Sup. Ct. 67, 45 L. ed. 121); Chesapeake & Ohio R. Co. *v.* Cockrell, 232 U. S. 146, 154 (34 Sup. Ct. 278, 58 L. ed. 544); Chicago &c. R. Co. *v.* Dowell, 229 U. S. 102 (33 Sup. Ct. 684, 57 L. ed. 1090); Southern Ry. Co. *v.* Lloyd, 239 U S. 496 (36 Sup. Ct. 210, 60 L. ed. 402). In the Cockrell case, supra, it is said that it is not enough to assert that there was a fraudulent joinder of defendants but there must be "a statement of facts rightly engendering that conclusion," and that "merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder will not suffice; the showing *must be such as compels the conclusion that the joinder is without right and made in bad faith."* (Italics ours.) See also to the same effect the ruling made in Russell *v.* Champion Fibre Co., supra.

From what is said above it is clear that the plaintiff had the right to join the telegraph company and Welch as joint defendants in the same suit, and that a joint cause of action and not a separable controversy is set out in his declaration, and that the petition and the amendment thereto, seeking to remove the cause into the Federal court, failed to allege sufficient facts to establish a fraudulent joinder.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*