20016. WILLYS-OVERLAND INC. *v.* JOHNSON.
20017. WILLYS-OVERLAND INC. *v.* SENKBEIL.
20018. WILLYS-OVERLAND INC. *v.* STAMY.

DECIDED JANUARY 14, 1930.

*McDaniel, Neely & Marshall, Little, Powell, Smith & Goldstein, W. O. Wilson,* for plaintiffs in error.

*Hewlett & Dennis,* contra.

BLOODWORTH, J.   Each of these cases is an action for damages in Fulton superior court against the plaintiff in error as well as one D. H. Farmer.  Each suit was filed against both defendants as joint tort-feasors, and the case as made by the petition of Mrs. Lillie Stamy is in substance as follows:  Willys-Overland Inc., a nonresident corporation with an office and agent in Fulton county, manufactured a certain Whippet automobile roadster, which was turned over by it to one D. H. Farmer, its distributor, agent, and dealer, for the purpose of sale and distribution.  The dealer, as such distributor, sold the car to M. C. Stamy, of Demorest, Ga., the husband of defendant in error:  On April 18, 1929, the husband of defendant in error was driving said automobile on the road from Demorest to Tallulah Falls when the drive-shaft of said automobile suddenly became disconnected and dropped down to the roadway, causing the car to turn over an embankment, injuring the husband of defendant in error, from which injuries he died, that the coming apart of the drive-shaft was due to the fact that the

safety device to hold the same in place had been left off it or had been attached thereto so insecurely that it dropped therefrom, leaving said automobile without any such device. The petition of Halen Johnson and that of George Senkbeil are practically the same as in the Stamy case; except that each of them alleges that on April 18, 1929, "he was a passenger in said automobile, riding there by invitation; that he had no control or direction over said automobile," and that he was a guest of said Stamy. The acts of negligence alleged in all of the petitions are the same, and are as follows: "(a) in furnishing to the said Stamy, as a safe instrumentality in which to ride, a machine defective in the particulars set forth; (b) in failing to equip said machine with safety device or other device which would prevent the drive shaft from dropping and striking the ground; (c) in failing to give petitioner any warning of the defects and deficiencies aforesaid. That all the above and foregoing acts of negligence were the direct, proximate and concurring causes of the injuries to petitioner."

In each of the foregoing cases the plaintiff in error filed a petition to remove the cause to the Federal court, on the following grounds: Because "no cause of action is set forth in plaintiff's declaration or complaint against petitioner's alleged and pretended codefendant, said D. H. Farmer. Said codefendant, D. H. Farmer, is not charged in the declaration filed in said suit with anything for which he is liable under the laws, and no case in law is made against him in said declaration, where he is joined with your petitioner, and is joined in said case only as a pretended and sham defendant for the sole purpose of fraudulently and improperly preventing or attempting to prevent your petitioner from removing this suit to the district court of the United States for the Northern District of Georgia, Atlanta Division, as prayed for hereinafter. . . In consequence this suit involves only a controversy which is wholly between plaintiff and petitioner, citizens of different States, and is removable, at the instance of petitioner, to the district court of the United States for the northern district of Georgia, Atlanta division thereof." After a consideration of said petition by Judge John D. Humphries, judge of the superior court, to whom the same was presented, orders were passed in each case, overruling the motion to remove, and Willys-Overland Inc. filed a bill of exceptions in each case.

Under the facts as stated above and under the rulings to which attention will be herein called, the court was right in refusing to transfer the cases. The real question at issue is whether or not the original petition presented a "separable controversy." The petition shows that the same acts of negligence are charged against both defendants; in other words, no act of negligence is charged against either of the defendants which is not charged against the other. The petition alleges that the *"defendants* have jointly injured and damaged petitioner." (Italics ours.) As was said in *Postal Telegraph-Cable Co.* v. *Puckett,* 24 *Ga. App.* 458, 460 (101 S. E. 397): "There is but one question presented, to wit: the correctness of the ruling upon the petition for removal to the Federal court. Whether an action is joint or several is a question for the State court to determine. Rountree v. Mt. Hood R. Co., 228 Fed. 1010; Ala. Great Southern Ry. Co. v. Thompson, 200 U. S. 206 (26 Sup. Ct. 161, 50 L. ed. 441, 4 Ann. Cas. 1147); Wecker v. National Enameling Co., 204 U. S. 176 (27 Sup. Ct. 184, 51 L. ed. 430, 9 Ann. Cas. 757). It is well settled that a plaintiff may elect his own method of attack (5 Fed. Stat. Ann. 138, and numerous cases there cited); and if 'upon the face of the declaration—the only pleading in the case—the action is joint, for the purpose of determining the right of removal, the cause of action must be deemed to be joint.' L. & N. R. Co. v. Ide, 114 U. S. 52 (5 Sup. Ct. 735, 29 L. ed. 63); *Southern Ry. Co.* v. *Miller,* 1 *Ga. App.* 616 (57 S. E. 1090)." In Hay v. May Co., 271 U. S. 318, 321 (46 Sup. Ct. 498), Mr. Justice Sanford, citing a number of cases to support the proposition, said: "It is well settled by the decisions of this court, that an action brought in a state court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of the concurrent negligence of the defendants, does not present a separable controversy authorizing the removal of the cause to a federal court, even though the plaintiff might have sued the defendants separately; the allegations of the complaint being decisive as to the nature of the controversy in the absence of a showing that one of the defendants was fraudulently joined for the purpose of preventing the removal." The headnotes in Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131 (21 Sup. Ct. 67, 45 L. ed. 121), are as follows: "Where the right of removal depends upon the existence of a separable controversy, the

question is to be determined by the condition of the record in the State court at the time of the filing of the petition to remove. In an action of tort, the cause of action is whatever the plaintiff declares it to be in his pleading, and matters of defence can not be availed of as ground of removal. When concurrent negligence is charged, the controversy is not separable, and as the complaint in this case, reasonably construed, charged concurrent negligence, the court declines to hold that the state courts erred in retaining jurisdiction." In the opinion in that case (p. 138), it is said: "As this court has often said, 'A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it can not deprive a plaintiff of his right to prosecute his suit to final decision in his own way.'" See L. & N. Railroad Co. *v.* Ide, 114 U. S. 56 (supra).

In *Vanzant* v. *Southern Ry. Co.,* 135 *Ga.* 444, 448 (69 S. E. 721), Justice Holden said: "The petition having generally charged acts of negligence alleged to be the joint acts of the defendants, the court has no right to say that any separable controversy existed between the plaintiff and any one of the defendants. The plaintiff had a right to bring the suit as he saw fit, and *the question as to whether any one defendant was properly charged with an act of negligence alleged against him is not for determination upon a motion to remove the case to the Federal court.*" (Italics ours.) And he said (p. 449): "The question as to whether or not there is a separable controversy must be determined from the pleadings." In *Western Union Telegraph Co.* v. *Griffith,* 104 *Ga.* 56, 61 (30 S. E. 420), the following is quoted with approval from Black's Dillon on Removal of Causes, § 145: "When several persons participate in the commission of a tort, the cause of action accruing to the injured party is joint and several, in the sense that he will have his option whether to proceed against one or more of the tort-feasors separately or to join them all as defendants in one suit. But if he elects to treat the liability of the defendants as joint, and proceeds against all of them in one action, it will be regarded as involving but one single controversy, between the plaintiff on the one side and all the defendants on the other side, and no one of the defendants can remove the cause to a Federal court on the averment that it contains a separable controversy between the plaintiff and himself alone. In other words

the 'cause of action alleged in the plaintiff's pleading must be accepted as the only criterion,' in determining whether or not the controversy is really severable. Ibid. § 141." In *Southern Ry. Co.* v. *Grizzle*, 124 *Ga.* 735, 741 (53 S. E. 244, 110 Am. St. R. 191), Presiding Justice Cobb said: "While the court seems to have left open the question as to whether it would hold that a suit against a railway company and an engineer upon facts similar to those in the present case was properly brought as a joint cause of action, still it was distinctly held, that, in determining the question of removal to the circuit court of the United States, the cause of action must be deemed joint if the pleader in the State court has made it joint."

From the foregoing it seems clearly settled by the decisions of the Federal courts and the courts of this State that if the petition makes a case of joint liability, arising from concurrent acts of negligence on the part of the defendants, it presents no separable controversy, and there can be no removal. However, it is said in the brief of plaintiff in error that "if the petition be construed as alleging that Farmer was an agent of Willys-Overland Incorporated, the allegations of the petition are not sufficient to hold him personally responsible." We think the case of *Southern Ry. Co.* v. *Sewell*, 18 *Ga. App.* 544, 552 (90 S. E. 94), is a complete answer to this; especially as it is there held that "Where an agent fails to use reasonable care or diligence in the performance of his duty, he will be personally responsible to a third person who is injured by such misfeasance. The agent's liability in such case is not based upon the ground of his agency, but upon the ground that he is a wrong-doer, and as such he is responsible for any injury he may cause." See also *Postal Telegraph Cable Co.* v. *Puckett*, 24 *Ga. App.*, top of page 463 (supra). The case just referred to is also a complete answer to the allegations, in the motion to transfer, that Farmer "is joined in said case only as a pretended and sham defendant for the sole purpose of fraudulently and improperly preventing or attempting to prevent your petitioner from removing this suit to the district court of the United States." Attention is again called to the case of Ala. Great So. Ry. Co. v. Thompson, 200 U. S. 206 (supra). One of the headnotes to that decision is as follows: "The right of a defendant jointly sued with others to remove the case into the Federal court depends upon the case made in the

complaint against the defendants jointly, and that right, in the absence of showing a fraudulent joinder, does not arise from the failure of complainant to establish a joint cause of action."

In conclusion we repeat that the cause of action stated in each of the original petitions against the defendants is joint in its character, presents no separable controversy, and the State court did not err in overruling the motion to remove to the Federal court.

*Judgments affirmed. Broyles, C. J., and Luke, J., concur.*