25650. PHILLIPS *v.* INTERNATIONAL AGRICULTURAL CORPORATION *et al.*

752

DECIDED DECEMBER 4, 1936.

*Ezra E. Phillips, W. P. Middlebrooks, Samuel J. Boykin,* for plaintiff.

*Little, Powell, Reid & Goldstein,* for defendants.

MACINTYRE, J. Mrs. Ethel Phillips brought suit in the city court of Carrollton against the International Agricultural Corporation and J. A. Rogers, seeking a recovery of $50,000 damages for the homicide of her son, aged 13 years, and alleging that the same was caused by the negligence of the defendants in the operation of a motor truck over a public highway of this State; that Rogers was a servant, agent, and employee of the corporation, and was operating the truck while transacting the business of his employer; that the defendants were negligent in operating said truck in violation of the speed laws, and without due regard to traffic conditions on the highway; that the driver approached the intersection where her son was killed, without any signal or warning of his approach, and drove the truck over onto the wrong side of the road; that he drove the truck without due regard to the rights of her son as a pedestrian at said intersection; that her son was killed by said truck striking him as he was rightfully crossing said intersection, said truck being operated by Rogers at the time to deliver certain fertilizer of the corporation to its agent in Bowdon,

Georgia; and that the defendants were negligent in overloading the truck and in operating it without a certificate of public convenience.

The defendant corporation filed its petition to remove the cause to the United States district court. It alleged that it was a non-resident; that the suit was for more than $3000, exclusive of interest and costs; that the controversy was between a non-resident and the plaintiff, a resident of Fulton County, Georgia; that the corporation owned a fertilizer plant in this State, and loaded certain of its fertilizers on a truck operated by the defendant Rogers, and because of the alleged improper operation of this truck by Rogers this defendant is charged with negligence in the loading and operation thereof, causing the death of the plaintiff's son; that although the plaintiff alleges that Rogers was an agent, servant, and employee of this defendant, and was operating said truck in the course of his employment and while transacting the business of this defendant at the time of the homicide of the plaintiff's son, this defendant alleges that the controversy between the plaintiff and this defendant is in fact a separate controversy from the controversy between plaintiff and Rogers, the codefendant, in that Rogers was never a servant, agent, or employee of this defendant, nor was he in the course of his employment transacting the business of this defendant at the time of the alleged injury; that Rogers was wrongfully joined with this defendant with the intention of defeating the right of this defendant to remove this cause to the Federal court, and for no other purpose; that the plaintiff does not in good faith intend to prosecute this action on the allegations therein made, to wit, that Rogers was a servant, agent, and employee of this defendant, nor on the allegation, which is made by inference only and not particularly, that the motor truck was the property of this defendant or was being operated by it, nor does the plaintiff in good faith intend to prove in said cause that the fertilizer was being conveyed to an agent of. this defendant at Bowdon, Georgia, as alleged in said petition; that the truth of the matter is that the plaintiff well knows that Rogers, whom she is fraudulently attempting to join in said cause, is not an employee of this defendant, was never at any time such an employee, but was and is a young man engaged in farming in Heard County, Georgia, and Rogers was operating a truck belonging to his father,

and was conveying fertilizer which had been purchased from this defendant by his father for use on his farm, and the knowledge of the plaintiff arises from the fact that she had theretofore filed a suit in Fulton superior court against the same defendants, and on the trial of a plea to the jurisdiction filed by Rogers it clearly appeared from the evidence that Rogers was not employed by this defendant, and sustained to it no relationship whatever which could in any wise create any joint liability for the acts of Rogers and this defendant, and it clearly appeared from certain evidence in that case, which was tried on September 24, 1935, that Rogers, at the time the alleged accident occurred through the operation of his truck, was engaged in hauling fertilizer for his father, who in turn had purchased the fertilizer from J. P. Brock & Company, of Bowdon, Georgia, and Rogers was accepting delivery of the fertilizer at the premises of this defendant rather than from the dealer in that town, and on proof of these facts to support the plea of Rogers, the plaintiff voluntarily dismissed said suit in Fulton County; that on another trial of the case the facts will be the same as those on the trial in Fulton superior court, and that Rogers was not an employee of this defendant, sustained no relation to it which would make it liable jointly with him in this case, and the truck which he operated was not the property of this defendant, and it sustained no relation of ownership or control over the same so as to make it liable for its operation; and therefore this defendant reiterates and charges that Rogers was wrongfully joined with this defendant on a fraudulent allegation of employment, solely to prevent the removal of this cause; that the allegations of negligence arising from the operation of the truck are allegations of negligence attributable solely to Rogers; that it did not in any way join in the operation and could not be liable for the same, and the only acts of negligence remaining and in good faith alleged therein, the loading of the truck and the failure to obtain a certificate of convenience, etc., are allegations of negligence relating solely to this defendant, which can be determined without the presence of Rogers, and the allegations of negligence constitute a separable controversy between plaintiff and this defendant, and the case should be properly removed to the Federal court; that Rogers is a resident of Carroll County, and the city court of Carrollton is in that county, and all are in the northern

district of Georgia of the United States district court. The petition recited the giving of notice. The proper bond was given, and the petition for removal verified.

The judge of the city court granted the petition for removal, and the plaintiff excepted.

"Where the right of removal [sought by a non-resident defendant] depends upon the existence of a separable controversy, the question is to be determined by the condition of the record in the State court at the time of the filing of the petition to remove. In an action of tort, the cause of action is whatever the plaintiff declares it to be in his pleading, and matters of defense can not be availed of as a ground of removal." Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131 (21 Sup. Ct. 67, 45 L. ed. 121). For "it is well settled that an action of tort, which might have been brought against many persons or against any one or more of them, and which is brought in a State court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the circuit court of the United States even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with it and that their own controversy with the plaintiff is a separate one, for as this court has often said, 'a defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery but it can not deprive the plaintiff of his right to prosecute his suit to a final decision in his own way.' Pirie v. Tvedt, 115 U. S. 41 [5 Sup. Ct. 1034, 1161, 29 L. ed. 331]; Sloane v. Anderson, 117 U. S. 275 [6 Sup. Ct. 730, 29 L. ed. 899]; Little v. Giles, 118 U. S. 596, 600 [7 Sup. Ct. 32, 30 L. ed. 269]; Louisville & Nashville R. Co. v. Wangelin, 132 U. S. 599 [10 Sup. Ct. 203, 33 L. ed. 474]; Torrence v. Shedd, 144 U. S. 527, 530 [12 Sup. Ct. 726, 36 L. ed. 528]; Connell v. Smiley, 156 U. S. 335, 340 [15 Sup. Ct. 353, 39 L. ed. 443]." Powers v. Chesapeake & Ohio R. Co., 169 U. S. 92 (18 Sup. Ct. 264, 42 L. ed. 673). And if "upon the face of the declaration—the only pleading in the case—the action is joint, for the purpose of determining the right of removal, the cause of action must be deemed to be joint." L. & N. R. Co. v. Ide, 114 U. S. 52 (5 Sup. Ct. 735, 29 L. ed. 63); Southern Ry. Co. v. Miller, 1 Ga. App. 616 (57 S. E. 1090). "Yet the

rule adopted by the Supreme Court [Georgia], cited with approval and followed by the United States court for the northern district of Georgia, is that 'although there may, in a suit against two or more defendants, one of whom is a non-resident, be charges of concurrent negligence against all, yet if there be also a distinct charge of negligence against the non-resident alone, sufficient in and of itself to give rise to a cause of action, the case is one involving a separable controversy between citizens of different States and therefore removable to the proper United States court,' and 'when removal is proper, the effect is to carry the entire case into the Federal court.'" *Armour & Co.* v. *Bowden,* 50 *Ga. App.* 476 (3) (178 S. E. 394).

The determination of the question whether the action is joint or several is for the State court. *Postal Telegraph-Cable Co.* v. *Puckett,* supra. In order to determine the right of removal it should be assumed that the well-pleaded facts alleged in the plaintiff's declaration are true; and when we do this, the petition in the instant case states a cause of action against both resident and non-resident defendants, as tested by the laws of Georgia; and if the declaration is the only pleading in the case, and it thus appears from the declaration that the joinder of the defendants is in the exercise of a lawful right, the case is not removable. And while the plaintiff's statement in his petition is not conclusive upon the non-resident defendant corporation, it does operate to lay upon the latter as a condition for removal the duty of showing that the joinder of the non-resident defendant company and the resident defendant driver of the truck was a mere fraudulent device to prevent a removal. "'The State court has no jurisdiction to try an issue of fact made by a petition to remove a cause from the State court to the Federal court.' *Lane Co.* v. *Rickard,* 135 *Ga.* 650 (2) (70 S. E. 565, Ann. Cas. 1912A, 234) ; *Southern Ry. Co.* v. *Hudgins,* 107 *Ga.* 334 (33 S. E. 442) ; Chesapeake &c. Ry. Co. *v.* Cockrell, 232 U. S. 146 (34 Sup. Ct. 278, 58 L. ed. 544, and cit.). The State court does, however, have jurisdiction to determine questions of law made by the petition to remove, and in so doing to construe in connection therewith the pleadings of the plaintiff. *Willys-Overland Inc.* v. *Johnson,* 40 *Ga. App.* 700, 702 (151 S. E. 414) ; *Postal Telegraph-Cable Co.* v. *Puckett,* 24 *Ga. App.* 458, 463 (101 S. E. 397), and cit.; Illinois Central R. Co.

*v.* Sheegog, 215 U. S. 308 (30 Sup. Ct. 101, 54 L. ed. 208) ; Chicago Ry. Co. *v.* Dowell, 229 U. S. 102 (33 Sup. Ct. 684, 57 L. ed. 1090) ; 28 U. S. C. A. 287, 499, and cit." *Thompson* v. *Pan American Petroleum Cor.,* supra. The court decides the question of negligence as one of law when the facts from which the negligence is inferred are so stated and proved that all reasonable men must draw the conclusion from them that there was negligence. Brice *v.* So. Ry. Co., 122 Fed. 709, 713. It seems to us that there is no act of negligence charged in the plaintiff's declaration against the non-resident defendant that was not in some manner, directly or indirectly, participated in by the resident defendant. Even in the last paragraph the allegation is that the defendants (not alone the non-resident defendant), at the time of the killing of plaintiff's son, were illegally operating a motor carrier without having obtained a certificate of public convenience and necessity, in violation of section 4-a of the motor-carrier act (Ga. L. 1931, p. 199; Code, § 68-604). Besides, "the mere fact that the plaintiff on the one hand, or the defendant on the other, was engaged in violating the law in a given particular, at the time of the happening of the accident, will not bar the right of action of the former, nor make the latter liable to pay damages unless such violation of law was the efficient cause of the injury." *Central of Ga. Ry. Co.* v. *Moore,* 149 *Ga.* 581, 583 (101 S. E. 668). A breach of duty toward the State does not necessarily involve a breach of duty to the defendant in such cases as where illegality did not contribute to the injury; and when it does not, it is simply an irrelevant fact, unless the law gives it relevancy in some expressed form. The failure to obtain a certificate of public convenience and necessity and to pay the fee has no causal relation to the injury.

Where the allegations contained in the petition to remove amount to no more than a traverse of the charge of negligence set out in plaintiff's petition, they are insufficient to raise an issue of fraudulent joinder of the codefendant. In Chesapeake & Ohio R. Co. *v.* Cockrell, supra, it was said that it is not enough to assert that there was a fraudulent joinder of defendants, but there must be "a statement of facts rightly engendering that conclusion," and that "merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet

'fraudulent' to the joinder will not suffice; the showing *must be such as compels the conclusion that the joinder is without right and made in bad faith.'" *Postal Telegraph-Cable Co.* v. *Puckett,* supra. "The ground of the petition to remove, to the effect that the allegations of the plaintiff's petition as to the resident defendant are false and untrue, and were known to be such when the present suit was instituted, amount to nothing more than a traverse of the allegations of the plaintiff's declaration." *Thompson* v. *Pan American Petroleum Cor.,* supra. The allegation in the petition for removal that Rogers was not a servant, agent, or employee of the defendant corporation is itself nothing more than a denial of the truth of what the plaintiff has averred. The plaintiff alleged that Rogers, the resident defendant, was a servant, agent, or employee of the corporate defendant, and was in the course of his employment and transacting business of his employer in the operation of the truck at the time it struck and killed plaintiff's son. "It is not the office of a petition to remove to raise issues of fact by what amounts simply to a traverse of the facts alleged in the plaintiff's petition." *Goodwin* v. *Charleston & Western Carolina Ry. Co.* 49 *Ga. App.* 265 (175 S. E. 263). "Where a cause of action for concurrent negligence is so stated in a petition, without any allegation of a distinct act of negligence by a non-resident codefendant, a petition for removal to a Federal court, merely traversing the averments of the petition, or stating conclusions of law without supporting facts that the joinder of the resident defendant was fraudulent, fictitious, or not in good faith, will not vacate the jurisdiction of the State court." *Fowlkes* v. *Ray-O-Vac Co.,* 52 *Ga. App.* 338 (183 S. E. 210). The fact that the petition for removal alleged that the plaintiff filed a suit in Fulton superior court against both defendants, and that the resident defendant (of Carroll County, and not of Fulton County) filed a plea to the jurisdiction, and testified in support thereof that he was not a servant of the corporate non-resident defendant and was not acting for it at the time of the homicide of plaintiff's son, was nothing more than a traverse of the allegations of the declaration that said defendant was a servant of and was operating the truck for the corporation at the time of the homicide. See *Thompson* v. *Pan American Petroleum Cor., Postal Telegraph-Cable Co.* v. *Puckett,* supra; Black's Dillon on Removal

of Causes, 112, § 76. In the *Puckett* case the original record discloses that there were three previous suits brought for damages in the same amount and on the same cause of action as alleged in the suit then pending, and in one of the suits previously brought the defendant seeking removal was sued as the sole defendant; and the petition for removal further stated that this suit was brought in the State of South Carolina, with the intention of preventing a removal of said case into the district court of the United States; and yet in the *Puckett* case this court said that the amended petition seeking to remove the cause into the Federal court failed to allege sufficient facts to establish a fraudulent joinder. "In order that the joinder of a defendant should be regarded as fraudulently made for the purpose of avoiding the jurisdiction of the Federal court, it must appear, by allegation and proof, not only that it was made for that purpose, but also that the averments upon which the right to join such defendant is claimed are so unfounded in fact and incapable of proof as to justify the inference that they were not made in good faith with the hope and intention of proving them, or else that they do not state a joint cause of action. The mere fact that an action, since discontinued, was once brought for the same tort against one of the defendants, without joining the other, is not enough." Black's Dillon on Removal of Causes, 112, § 76. It follows that the judge erred in ordering the removal of this cause to the Federal court.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*