## 25848. EDWARDS v. AMERICAN TELEPHONE AND TELEGRAPH COMPANY, et al.

DECIDED FEBRUARY 5, 1937.

*Ben C. Williford,* for plaintiff.

*Harold Hirsch, Marion Smith, E. D. Smith Jr., Colquitt, MacDougald, Troutman & Arkwright,* for defendants.

MacINTYRE, J. Mrs. J. O. Edwards brought an action for damages against the American Telephone and Telegraph Company and the Southern Bell Telephone and Telegraph Company (both non-resident corporations) and the Georgia Power Company (a Georgia corporation), in the superior court of Fulton County.

The only exception is to a judgment sustaining the petition of the two non-resident defendants to remove the cause to the Federal court. The substance of the petition bearing directly on the question at issue appears from the following allegations: That the defendants injured and damaged the petitioner in the sum of $40,000. "That at all times herein mentioned these defendants maintained lines of wires . . along Marietta Road, between the station known as the ten-cent limit and the bridge across the Chattahoochee River, which was supported by poles set in the ground. . . That on or about the year 1935 . . these defendants removed one of said poles, . . which was located in the sidewalk on the east side of said Marietta Road, about two hundred yards north of the . . ten-cent limit station, and about four feet in the sidewalk southeasterly of pole 272. . . That in removing said pole . . these defendants left an open hole in said sidewalk, approximately twenty-four inches in diameter by about five and one half . . feet deep. . . That at about six o'clock in the evening, on or about December 16, 1935, as your petitioner was traveling along said sidewalk, she fell into said hole with great force and violence, and was injured as follows:" (Paragraphs 9, 10, and 11 of the petition are omitted.) "That said sidewalk is about five . . feet wide; and the said hole was located about the center thereof. . . There was no light at, covering over, or guard around the same . . to warn her of said deep and dangerous condition in said sidewalk. . . That the night was very dark, and she did not see said deep and dangerous obstruction located in said public sidewalk, . . nor could she have seen the same by the exercise of ordinary care." (Paragraph 15 alleges that the defendants were guilty of designated acts of negligence. Paragraphs 16, 17, 18, 19, 20, and 21 are omitted as unnecessary to the question at issue.) "That the facts and things as herein set out were and are the proximate cause of your petitioner's injuries and damages." The petition concludes with a prayer for a "judgment for damages against these defendants in the full sum" of $40,000.

The petition for removal substantially avers: (1) The plaintiff, a citizen and resident of the State of Georgia, sued the American Telephone and Telegraph Company, a corporation under the laws of the State of New York and a citizen and resident of that

State, the Southern Bell Telephone and Telegraph Company, a corporation under the laws of the State of New York and a citizen and resident of that State, and the Georgia Power Company, a corporation under laws of Georgia, when as matter of fact the action involves a controversy wholly between citizens of different States, and the joinder of the Georgia Power Company as a defendant is a mere sham, and fraudulent, for the purpose of defeating the jurisdiction of the Federal court. (2) "That said suit is of a civil nature, and the . . sum involved, exclusive of interest and cost, exceeds the sum of $3000. (3) Said pole so removed was, it is alleged, a part of a line of poles maintaining wires along the said Marietta Road. (4) The plaintiff alleges . . that said pole line was jointly maintained by all the three defendants, and that the removal of the pole leaving the hole was a joint action of all three defendants. The allegations . . are not only wholly false, but the facts hereinafter recited will make it plain . . that it is wholly impossible that the plaintiff could have believed that the Georgia Power Company at any time had any connection with the line of poles in question, or . . any joint part in their maintenance, or . . any joint interest therein, or . . any joint connection with the removal of the pole and with the leaving of the hole. (5) The following is the situation now existing and which had existed for many years, including the time at which the plaintiff alleges she was injured, and the time at which the present suit was brought, namely: (6) On the right-hand side of Marietta Road, as one goes toward the river, there is located a line of poles carrying the wires of the Southern Bell Telephone and Telegraph Company and of the American Telephone and Telegraph Company. This is the line of poles located in the so-called sidewalk to which plaintiff's petition refers. There is no legally constituted sidewalk at said place, according to petitioners' information and belief, but there is a pathway on the said right-hand side of Marietta Road, and the said line of poles is in or near said pathway. (7) This line of poles is not a part of the system of the Georgia Power Company, and is not used for carrying the wires of the Georgia Power Company, and was not so used at the time of the plaintiff's injury, or at the time the suit was filed. The Georgia Power Company has never had any part in the maintenance of said pole line, or any

reason whatever for taking part therein, and there is not and never has been any reason for the plaintiff or any one else to suppose that any company was interested in said pole line except the two telephone companies whose wires the poles carry. (8) Across the said Marietta Road, . . on the left-hand side of the road going toward the river, is located the right of way and interurban car line of the Georgia Power Company. On this said right of way, entirely across all of Marietta Road from petitioners' poles, there is located a line of poles of the Georgia Power Company, to which are attached, among other wires, the wires supporting the trolley-wire of the said interurban car line; making it perfectly manifest to any one merely looking at them that the said poles and wires on the left-hand side of the road are the poles and wires of the Georgia Power Company. (9) Petitioners . . show . . that the situation which existed at the time of the plaintiff's alleged injuries, and at the time the suit was filed, and which now exists, was and is simply this: that there are two entirely separate and distinct lines of poles and wires located respectively on the two sides of the Marietta Road at said point, one being the pole line of the telephone companies on the right-hand side of the road going to the river, and the other being the pole line of the Georgia Power Company located on the left-hand side of said road on the right of way of the Georgia Power Company, supporting, among other wires, its trolley-wires, and obviously a part of the Georgia Power Company system." (11) "The situation is so clear and manifest that no person of ordinary intelligence could look at the situation without at once knowing that there are two separate and distinct lines of poles on the two respective sides of the road, and that the one on the left-hand side going to the river is physically connected with the Power Company's trolley-wires located beside its tracks, and on its right of way, as a separate, distinct, complete, line of poles and wires. (12) Petitioners therefore show . . that the plaintiff could not have been mistaken about this general situation, and could not have believed, or now believe, in good faith, that the Georgia Power Company had any connection with the line of poles with respect to which her suit is brought, or that the Georgia Power Company was in any way liable for the matters or things alleged in said suit. Petitioners show, there-fore, that the joinder of the said Georgia Power Company is a

mere sham for the obvious and fraudulent purpose of preventing the removal of this case into the district court of the United States, . . and of thus defeating the right of your petitioners under the constitution and laws of the United States."

This petition avers timely filing of the requisite bond; that "written notice of the filing of this petition has been delivered to the attorney for the plaintiff, prior to the filing of said petition, together with a copy of said petition; and that this petition to remove is presented and filed before the time for pleading or answering under the statutes of the State of Georgia." It concludes with the usual prayer for removal of the cause.

"If an action in a State court, joining a resident with a non-resident defendant, is merely fictitious as to its joint nature, such an attempt to confer exclusive jurisdiction on the State court constitutes a fraud upon the jurisdiction of the Federal court and upon the non-resident defendant. . . For a pleader in a petition for removal 'to apply the epithet "fraudulent" to the joinder will not suffice; the showing must be such as compels the conclusion that the joinder is without right and made in bad faith.' This must appear from allegations of fact in the petition, or be invoked by the petition from what appears in the plaintiff's own pleadings." Citing Chesapeake &c. Ry. Co. v. Cockrell, 232 U. S. 146 (34 Sup. Ct. 278, 58 L. ed. 544). *Thompson* v. *Pan American Petroleum Corporation*, 46 *Ga. App.* 791 (169 S. E. 270). In the Cockrell decision it was said that "it is thoroughly settled that issues of fact arising upon a petition for removal are to be determined in the Federal court, and that the State court, for the purpose of determining for itself whether it will surrender jurisdiction, *must accept as true the allegations of fact in such petition.*" (Italics ours.) Our view is that the petition to remove is not subject to the criticism that it contains no more than a mere traverse of the allegations of the plaintiff's declaration, as was the situation in the recent case of *Phillips* v. *International Agricultural Corporation*, 54 *Ga. App.* 751 (189 S. E. 54). On the other hand, we are of the opinion that the petition to remove, measured by the applicable rules of law, avers sufficient physical facts to support the more general averments that the joinder of the Georgia Power Company was a mere sham fraudulently made for the purpose of conferring jurisdiction on the State court. We there-

fore hold that the judgment sustaining the petition of the two non-resident defendants to remove the cause to the Federal court was not error.

*Judgment affirmed. Guerry, J., concurs. Broyles, C. J., disqualified.*