31566. GEORGIA-CAROLINA BRICK & TILE CO. *et al. v.*
MERRY BROS. BRICK & TILE CO.

DECIDED SEPTEMBER 10, 1947.

*Pierce Brothers,* for plaintiffs in error.

*Fulcher & Fulcher,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The district courts of the United States shall have original jurisdiction of all suits of a civil nature at common law or in equity, where the matter in controversy exceeds, exclusive of interest and costs, the sum of $3000, and is between citizens of different states. See Title 28, sec. 41 (1), U. S. C. A. When such suits are brought in State courts, they may be removed to the United States district court having jurisdiction thereof, upon proper and timely application being made to the State court therefor. Title 28, sec. 71, U. S. C. A. When such application for removal is made in the State court in proper form and substance, and accompanied by the required bond, the State court is required to remove said case, if, upon hearing the application for removal, the record discloses a right to remove. The State court may act on the law, but not on the facts. If any ground stated in the petition for removal is well taken, it is error for the State court to proceed with the cause. The right to removal depends on the case disclosed by the proceedings when the petition therefor is filed. See Simkins on Federal Procedure, sec. 1035. The district court of the United States will not permit the plaintiff to join formal parties, or fraudulently join with the defendant parties whose citizenship would defeat a diversity of citizenship, and thereby prevent removal. Removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion, *apart from the pleader's deductions.* The petition must be verified, and its statements must be taken by the State court as true. If a removal is effected, the plaintiff may by a plea or answer take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the Federal Court. See Simkins on Federal Procedure, sec. 1072. In construing the pleadings, this court accepts as true all the allegations of fact contained in the petition for removal, as indeed it must. However, the allegations that Wm. E. Bush was joined by the plaintiff

fraudulently and solely in an effort to evade Federal jurisdiction, and that he is in no way responsible for any acts. as an individual for the Georgia-Carolina Brick & Tile Company, are treated as the pleader's deductions based upon the other allegations of the petition which. do not rightly lead to that conclusion.

The petition of the plaintiff, also assumed to be true (see *Phillips* v. *International Agricultural Corp.*, 54 *Ga. App.* 755-758, supra), sets out a cause of action against both defendants, properly joined, and is not separable. The. fact that the individual resident defendant is an officer of the corporation does not exclude him from personal liability. See Code, § 105-1207; *Belt* v. *Western Union Telegraph Co.*, 63 *Ga. App.* 469 (11 S. E. 2d, 509); *Graham* v. *Dahlonega Gold Mining Co.*, 71 *Ga.* 296; *Postal Telegraph-Cable Co.* v. *Puckett*, 24 *Ga. App.* 458 (101 S. E. 397).

We conclude, therefore, that the judgment of the trial court denying the application for removal is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*