STAFFORD *vs.* HIGHTOWER.

1. A judgment of the judge of the superior court granting or refusing an order for the removal of a cause to the circuit court of the United States may be brought to this court for review by bill of exceptions.

2. An application for removal of a cause to the United States court under the act of congress of 1875 need not show that the applicant was a non-resident at the time when the suit began; it is sufficient that he was a non-resident at the date of the application for removal.

3. It was sufficient for the application for removal to show that the plaintiff was a citizen of Alabama and the defendant of the southern district of Georgia. It was not necessary to show of which sub-division of the southern district he was a citizen.

(*a.*) If this were necessary, an allegation that the defendant resided in a certain county of the southern district would be sufficient. The courts would take judicial cognizance in which sub-division that county was included.

4. Although an appeal may lie from an inferior to a superior court, yet if the former has jurisdiction to render a full and final judgment in the case, an application for removal to the United States court, under the act of congress of 1875, on the ground that the controversy was between citizens of different states, must be made at or before the first term of the inferior court at which a trial could have been had.

(*a.*) A court of ordinary has jurisdiction to render a full and final judgment on a citation for final settlement by a guardian; and after trial in such court, and appeal to the superior court, an application for removal to the circuit court of the United States under the act of 1875 came too late.

Removal to United States Courts. Practice in Supreme Court. Pleadings. Courts. Before Judge STEWART. Pike Superior Court. October Term, 1881.

Reported in the decision.

JOHN I. HALL; J. A. HUNT; J. J. ROGERS, for plaintiff in error.

J. F. REDDING; W. S. WHITAKER; W. R. TAYLOR, for defendant.

JACKSON, Chief Justice.

This was an application to remove a cause from the superior court of Pike county, under the act of congress of 1875. The case was pending on appeal from the court of ordinary where judgment had been had thereon, and from which judgment the appeal to the superior court was made. The court below granted the prayer for removal, and the defendant excepted.

1. It is insisted that from the judgment of the court below granting the order to remove the cause no writ of error will lie to this court, for the reason that the act provides that upon the filing of the proper petition and the offer of good and sufficient surety or bond "it shall be the duty of the state court to accept said petition and bond, and proceed no further in the suit against the petitioner for removal." The idea is that, as the state court is to "proceed no further in the suit," it cannot sign and certify any bill of exceptions to this court, and hence there can be no writ of error and review of the judgment here. Whatever may be the rulings elsewhere, and there is authority to the effect claimed in other state courts and circuit courts of the United States, the question is not an open one with us, and until decided by the supreme court of the United States adversely to the ruling in this court, that ruling will be adhered to, and we shall review the action of the superior courts on questions of removal as on other questions of jurisdiction. 59 *Ga.*, 17; 60 *Ib.*, 423.

Whilst a recent decision of the supreme court of the United States may bear incidentally on this question, it does not determine it and is not inconsistent with the reviewing power of this court. I allude to Kern *vs.* Huideroper, decided at the October term, 1880. Central Law Journal, Vol. 13, No. 9, p. 169.

2. Nor is the question hardly an open one with us that under the act of 1875 it is sufficient that the applicant in the petition allege that he is a citizen of another state at the time of the application for removal, and need not set out that he was such when the suit began. 60 *Ga.,* 423.

In the view we shall present of another point in this case, it is not necessary, however, to repeat our adherence to that ruling, or to question it here, as the case is made to turn on another point. It seems settled, nevertheless, by high authority that our decisions are generally approved on the point. See Dillon on Removal of Causes, §72.

3. It is enough that the application shows that the parties are respectively citizens of different states—the plaintiff of Alabama and the defendant of Georgia, and resident in the southern district of Georgia. It need not allege that the defendant is a resident of one of the two divisions of the southern district of Georgia and specify that one wherein he does reside, if it were, the act of congress dividing the district puts Pike county in the western division, and that would be enough, for this court would take judicial notice of that public act.

4. We think, however, that the plaintiff is too late in making his application. The case had been tried in the court of ordinary, and the removal should have been applied for before or at the term at which such cause could be "first tried, and before the trial thereof." Such are the words of the act, and such the construction put thereon. See Dillon on Removal, §64, and cases cited in the note on page 79.

This case arose on a citation to the defendant to appear before the court of ordinary for final settlement of accounts under the Code, section 1839. In such a case, the powers of the court over the case are as complete as those of any other court in the state. The jurisdiction is concurrent with that in equity over similar matters, over the very same matters. Section 1841 provides that "the

court shall proceed to examine all the returns and accounts of such guardian, to hear all evidence which may be produced by either party, and to make a full, fair and final settlement between such guardian and his ward, making a full record of such final settlement." The next section provides for continuances; and the next for such other proceedings as are usual "in said court."

Section 1844 provides for the delivery of property from guardian to the ward, or to the new guardian, and to issue execution for balance in money.

Section 1845 provides that the court may attach for contempt and imprison the guardian to enforce the delivery of the property. Under these provisions the trial was had, and the case resulted in a judgment fixing the amount of the recovery; and after all this, the appeal to the superior court was made, and then, and not till then, was the petition for removal made.

In a similar case, the principle covering the case here was ruled and applied by the supreme court of the United States. 13th Otto, 606. In that case a trial had been had in the court of common pleas, which could have been appealed to the district court of that state, and it was held that the petition to remove should have been made before the first trial therein, that is, in the common pleas, could have been had. Thus it was ruled that where an appeal lay from an inferior court in that state to the district court of that state, Ohio, removal could be made to the United States circuit court, and must be made before the first trial in that inferior court.

So here, on this matter, the court of ordinary is an inferior court to the superior court, to which an appeal lay, and before trial in that court, the court of ordinary, before the first trial therein, this application should have been made.

We think, then, that this case brought in the court of ordinary, is such a one as could be returned on a timely petition therefor, and could have been removed from that

court. If it could not have been removed from that court, it is hard to see how it could be on appeal from the superior court. For it is carried up *in toto;* it does not lose its character; no additional pleadings are necessary; and the only difference is that in the superior court the jury will pass on the facts under the supervision of the judge, unless it be agreed that the judge try the case without a jury, while in the court of ordinary the judge of that court passes necessarily on facts as well as law, no juries being summoned therein for any purpose. But just as full a trial is had and as complete and final adjudication can be had in the one as in the other; and it is as much a trial in a court having jurisdiction of subject matter and persons in the one as in the other. That such a case in such a court may be renewed, see Dillon on Rem., p. 53, note 1, and cases cited; especially 18th Howard, 137, where a special statutory proceeding in the nature of a chancery remedy, was held to be removable, and a suit in the state court of Louisiana to annul a will and to recall the decree by which it was admitted to probate. 2d Otto, 10.

We think, however, that inasmuch as final judgment and execution could have been had on the trial in the court of ordinary, and as complete a trial on the merits was had therein as could be had in any court, that the application to remove after this trial, no matter where the case then was pending, came too late, and on this ground the judgment is reversed.

Judgment reversed.