### BRODHEAD v. SHOEMAKER et al.

Though it is doubtful whether the circuit court of the United States has jurisdiction to remove from a State court a cause involving alone the probate of a will, inasmuch as it has done so upon proper petition and affidavit, and has authority under acts of Congress to determine finally as to its jurisdiction, and as the propounder will have opportunity to move to remand the cause for want of such jurisdiction in that court, this court will not undertake to determine the question. If the want of jurisdiction were clear, or the order of removal a plain usurpation, this court would feel constrained to decide the question for itself.

July 12, 1890.

Probate. Jurisdiction. United States courts. Removal of causes. Before Judge MADDOX. Floyd superior court. September adjourned term, 1889.

After having proved the same in common form, Brodhead applied to the ordinary of Floyd county for proof in solemn form of the will of his wife, Susan A., alleging that she died on February 17, 1889, in Floyd county, after having made her will, of which she nominated petitioner executor; that as she had no children, petitioner is her sole heir at law and is entitled to all her estate within the State of Georgia, and all her personal estate as such heir without regard to its *situs;* that she owned certain leases on real estate in Pennsylvania, in the nature of annuities payable to her in her lifetime by the lessees, and some real estate in Pennsylvania which is encumbered with these leases; and that she left in Georgia no heirs other than petitioner, but her heirs at law by the laws of Pennsylvania are petitioner, her mother and her brother. Citation issued and was served upon the mother and brother of the testatrix, and they appeared and filed *caveats*, the issues raised upon which were decided against them, and they entered appeals to the superior court. Before the hearing there, the caveators presented their petition to the judge of the circuit court of the United States for the northern district of Georgia, alleging their non-residence and that the propounder was a resident of Georgia, setting forth the facts as to the petition for probate, and the *caveats* entered, the disposition of the same in the court of ordinary, pendency of the cause on appeal in the superior court, and that the matter in dispute exceeded, exclusive of interest and costs, the sum of $2,000; and asking, on the ground of non-residence and local prejudice, in support of which last ground an affidavit of one of the defendants was filed, that the cause be removed into the circuit court. This petition

was accompanied by bond, and upon it, on November 15, 1889, an order was passed by the judge of the circuit court, directing a removal of the cause. When the appeals regularly came on for trial in the superior court, the caveators submitted the proceedings and the order of the circuit court for the removal of the cause. Whereupon counsel for the propounder moved that the court proceed and try the cases, on the following grounds: (1) It was the duty of the superior court to determine from the petition and order of removal, in connection with the record then pending in the superior court on appeal, whether the circuit court had jurisdiction of this case, and on finding that it had no jurisdiction either to hear or remove this case, to proceed with the trial. (2) The court of ordinary alone had the original and exclusive jurisdiction of the case, and the superior court acquired jurisdiction thereof by appeal from the court of ordinary, and the circuit court had no jurisdiction either original or otherwise, and could acquire none. (3) The circuit court has no jurisdiction of the case and no jurisdiction of the probate of wills, and its order purporting to remove the case was a nullity and should be so held by the superior court. (4) The petition for removal, even if the court had jurisdiction, should have been filed in the court of ordinary and before the case was tried there; it came too late for the removal of the case from the superior court to the circuit court. (5) The superior court could not surrender its jurisdiction until it was first made to appear to said court that the circuit court of the United States had jurisdiction.

The court refused to proceed with the case and passed an order that the clerk should furnish to counsel a complete transcript of the record, upon payment to him of his costs, for transmission to the circuit court. The propounder excepted.

J. Branham, A. R. Brundage and T. L. Bishop, for propounder.

Jackson & Jackson, *contra.*

Simmons, Justice.

It is a doubtful question whether the circuit court of the United States has jurisdiction to remove from a State court a case involving alone the probate of a will; but inasmuch as the case has already been removed upon a proper petition and affidavit, by order of the circuit court of the United States; and that court by said order of removal having assumed jurisdiction of the case; and inasmuch as the plaintiff in error here will have an opportunity under the law to make a motion to remand the case upon the ground of want of jurisdiction in the United States court; and as the latter court has power and authority under the laws of congress to make a final determination as to its jurisdiction as between that court and the State courts, we will not undertake to decide the question of jurisdiction for that court. If the matter rested upon comity alone, we should feel disposed to leave the judge of that court to decide the question for himself. But there is more than comity, for the case having already been removed by his order, no decision that we could make would be binding upon him, and his decision will bind us. If the want of jurisdiction were clear, or if the order of removal were a plain usurpation, we would feel constrained to decide the question for ourselves.

*Judgment affirmed.*