## HARGROVE *v.* TURNER, by next friend.

A father may contract with his minor son to pay the latter wages for his services, and may, in satisfaction of the debt, deliver to him personal property. In such case the possession of the father becomes that of the son, and the property will not be subject to attachment for the purchase-money, although found in the possession of the father. Such possession is not inconsistent with the minor's title, nor sufficient, of itself, to show that the transaction was fraudulent.

Argued October 4, — Decided October 31, 1900.

Levy and claim. Before Judge Henry. Floyd superior court. March term, 1900.

*Rowell & Rowell*, for plaintiff. *M. B. Eubanks*, contra.

SIMMONS, C. J.　For one year's work, Turner contracted to pay his minor son $100.　The son performed his part of the agreement, and at the end of the year the father, being unable to pay the son in money, purchased a horse from Moultrie and gave it to the son in satisfaction of the debt.　He explained the matter fully to Moultrie at the time of the purchase of the horse.　At the time of the purchase and at the time of the trial of the present case, Turner was insolvent.　He had for several years allowed his son to work for himself and receive the proceeds of his own labor.　The father gave him his board free of charge, but required him to clothe himself. It does not appear from the record that any note or mortgage was given by Turner to Moultrie.　Turner failed to pay the purchase-money, and attachment was sued out by Mrs. Hargrove, who seems to have come into possession of the claim in some way not indicated in the record.　The attachment proceedings were had under the Civil Code, § 4539, for the balance due on the purchase-money of the horse.　The horse was levied on, and a claim was filed by the son by his next friend.　On the trial the above facts appeared; also that the son had attained his majority some time after the filing of the claim and prior to the trial, and that the horse, at the time of the levy, was "in the possession of [the father] on his place." The case was submitted to a jury, and they returned a verdict finding the property not subject.　A motion for a new trial was made by the plaintiff. It was overruled by the court, and the movant excepted.

That a father may emancipate a minor child by allowing him to receive the proceeds of his labor is settled by our code and by decisions of this court.　Allowing the child to receive the proceeds of his own labor amounts to an emancipation.　Civil Code, § 2502; *Wilson* v. *McMillan*, 62 *Ga.* 16.　When, therefore, the father in this case allowed the son to receive the proceeds of his labor and made a contract with him by which he was to do farm work for a year for the father and to receive therefor an agreed compensation, this amounted to an emancipation of the son from the control of the father, and the son could have enforced the contract unless the father had revoked his consent before the performance of the work. No revocation has ever been made, and the son was, as to this contract, sui juris.　The father was as much bound to pay the son for the year's work as though he had been an adult and a stranger.

When the father purchased the horse from Moultrie, he received the title thereto. When he gave the horse to his son in satisfaction of the debt he owed him, the title passed to the son. The learned counsel for the plaintiff in error did not, in his argument here, dispute any of these propositions, but planted his case upon the fact that the evidence showed that the attachment was issued for the purchase-money of the horse, that Turner, the father, was in possession at the time the levy was made, and that the property was subject under section 4539 of the Civil Code, which declares that attachment may issue for the purchase-money of property when the defendant is in possession. We think, however, that while the father was in possession of the horse at the time of the levy, this possession was not inconsistent with the right of the son to claim title to the horse. The son was a minor and could not legally have held possession of the property. In cases where title to personal property is in a minor, the law places the possession of it in the parent or guardian, and the possession of the parent is virtually the possession of the minor. Where the father and the minor son resided upon the same place and dwelt in the same house and the father was in actual possession of the horse which belonged to the son, the possession of the father was that of the son and for the son's benefit. Had this been a gift from the father to the son, it would have been the duty of the father to retain possession of the property until the son arrived at majority. Had a third person given the horse to the son, it would have been the duty of the father to take possession for his son. Civil Code, § 3565. "The possession of the parent, the natural guardian of his infant child, who makes a present to such child and retains the possession of the article given, is the possession of the donee, or at least such possession is not inconsistent with such donee's title. In such an instance there is no presumption of fraud. As the parent is entitled to the possession of his minor child's property, the law does not require him to make a formal delivery to the child, when he must at once repossess himself of the property given." Thornton, Gifts, § 175. See also *Dasher* v. *Ellis*, 102 *Ga.* 830.

In the present case it does not appear that the original vendor of the horse retained title or took any mortgage to secure the purchase-money. As before remarked, Turner obtained title to the horse by the purchase. Having title, he had the right to sell the

horse or to give it in satisfaction of a bona fide debt. There is in the record no intimation that there was any collusion or fraud between the father and the son. Indeed, the evidence demonstrates that the father honestly owed the son $100 for one year's work, and gave the horse to him in payment of the indebtedness. Had Turner owed the debt to some one other than the son and given the horse in satisfaction, no one would contend that the horse was then subject to levy and sale for payment of the purchase-money, even though it was found in Turner's possession. After the horse had been given by the father to the son in payment of a bona fide indebtedness, its subsequent possession by the father would not, under the rules above announced, make it subject to levy for purchase-money by the original vendor. The possession of the father was not in his own right, but for the benefit of his son. There was, therefore, no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*