### DONALDSON, next friend, *v.* EVERETT.

1. While in a gift from a father to minor children the law will dispense with some of the formalities of delivery, yet a mere promise to give is not the equivalent of a gift itself.

2. Even assuming that the evidence was sufficient to establish a complete gift, it does not appear whether the same was before or after the lien of the judgment had attached. The plaintiff having made out a prima facie case, and the jury having found the property subject, there was no error in refusing to grant a new trial.

Submitted February 10, — Decided March 6, 1905.

Levy and claim.  Before Judge Evans.  Bulloch superior court.  February 1, 1904.

On December 14, 1901, Everett obtained a judgment against Donaldson.  On December 19, 1901, the execution was levied on a Kimball organ.  A claim was filed on December 12, 1902, and was tried in April, 1903.  The plaintiff in fi. fa. assumed the burden, and proved that the property, when levied on, was in the possession of the defendant, who, as next friend for his minor children, filed the claim.  He testified that, two years before, while solvent, he purchased the organ; that he had promised his children that if they would do certain work he would take the money and purchase for them an organ; that they did the work; that he had used the money for other purposes; that he bought for the children the organ levied on; that it is their property and never was his; that he bought it in his own name, giving his note therefor, and that the purchase-money had not been paid; and that he is now insolvent.  The date of the purchase is not stated.  The jury found the property subject.  The claimant filed a motion for a new trial, on the ground that the verdict was contrary to the law and the evidence.  It was overruled, and he excepted.

*Groover & Johnston*, for plaintiff in error.
*R. Lee Moore* and *A. M. Deal*, contra.

LAMAR, J.  (After stating the foregoing facts.)  1. A promise to give is not equivalent to an actual gift.  In order for the title to pass there must be something to show that the gift was completed.  In transactions between the father and minor children the law will dispense with some of the formalities of delivery usually required; yet even in such cases there must be some word or act to transfer title from donor to donee..  An intention to give is not sufficient.  Civil Code, § 3567; *Hargrove* v. *Turner*, 112 *Ga.* 134; *Ross* v. *Cooley*, 113 *Ga.* 1047.

2. In the present case the father purchased the organ in his own name, and gave his note therefor.  It does not appear whether the purchase was before or after the lien of the judgment attached.  Nor is there any evidence that he followed up his promise and made an actual gift to the children, so as to divest himself of the title acquired when he gave the note for the instrument.  There is no complaint of the court's charge.  It

was for the jury, under the evidence, to say, whether the claimant overcame the prima facie case made out by the plaintiff in fi. fa.

*Judgment affirmed. All the Justices concur, except Evans, J., disqualified.*