21284. EVANS *et al.* v. SEARS, ROEBUCK & COMPANY.

JENKINS, P. J. 1. "Before surrendering, upon a petition for removal into the Federal court, its jurisdiction over a pending case, the State court must have before it a petition which, taken in connection with the record, sets out all the facts necessary to show a right of removal on the part of the petitioner. Final decision by the superior court upon the sufficiency of the petition is subject to review by the Supreme Court." *Carswell* v. *Schley,* 59 *Ga.* 17 (1, 2); *Jackson* v. *Mutual Life Ins. Co.,* 60 *Ga.* 423; *Stafford* v. *Hightower,* 68 *Ga.* 394; *Angier* v. *East Tennessee &c. Railroad,* 74 *Ga.* 634; *Steiner* v. *Mathewson,* 77 *Ga.* 657; *Western Union Telegraph Co.* v. *Griffith,* 104 *Ga.* 56 (30 S. E. 420). The ruling in the *Carswell* case, supra, is not in conflict with the latter ruling by the Supreme Court in *Brodhead* v. *Shoemaker,* 85 *Ga.* 729 (11 S. E. 845), where the judgment under review was the refusal of the judge of the superior court to order to trial a case which the judge of

the United States circuit court had previously ordered removed to the Federal court, and the Supreme Court, in affirming the ruling of the judge of the superior court, declined to pass upon the jurisdiction assumed by the Federal court. Accordingly, the motion to dismiss the instant writ of error, brought to review the judgment of the trial judge in the State court ordering the removal of a cause to the Federal court, is denied.

2. Where, after the service of notice of application to remove a suit to the Federal court, the plaintiff presented to the judge of the State court in which the suit was pending an amendment which reduced the amount sued for below $3,000, and the court entered upon the amendment an order directing merely that it be "filed subject to demurrer," thus reserving for later determination the question of its propriety, the amendment, while by reason of the order directing its filing it became a part of the record, retained, pending a determination by the court as to its propriety, the status of a proffered amendment merely, and did not become a part of the petition or operate to reduce the amount sued for below $3,000. Consequently, upon the hearing of the petition to remove, no further action having been taken on the amendment, the court did not err in granting an order of removal.

*Judgment affirmed. Stephens and Bell, JJ., concur.*
Decided October 16, 1931.

*W. F. Wimberly Jr., A. W. & M. V. Higdon,* for plaintiffs.
*Alston, Alston, Foster & Moise, W. H. Sibley,* for defendant.

