22641. THOMPSON *v.* PAN AMERICAN PETROLEUM CORPORATION.

JENKINS, P. J. 1. "Before surrendering, upon a petition for removal into the Federal court, its jurisdiction over a pending case, the State court must have before it a petition which, taken in connection with the record, sets out all the facts necessary to show a right of removal on the part of the petitioner. Final decision by the superior court upon the sufficiency of the petition is subject to review by the" proper appellate court of the State. *Evans* v. *Sears,* 44 *Ga. App.* 216 (160 S. E. 702), and cit.

2. "The State court has no jurisdiction to try an issue of fact made by a petition to remove a cause from the State court to the Federal court." *Lane Co.* v. *Rickard,* 135 *Ga.* 650 (2) (70 S. E. 565, Ann. Cas. 1912A, 234); *Southern Ry. Co.* v. *Hudgins,* 107 *Ga.* 334 (33 S. E. 442); Chesapeake &c. Ry. Co. *v.* Cockrill, 232 U. S. 146 (34 Sup. Ct. 278, 58 L. ed. 544, and cit.).

3. The State court does, however, have jurisdiction to determine questions of law made by the petition to remove, and in so doing to construe in connection therewith the pleadings of the plaintiff. *Willys-Overland Inc.* v. *Johnson,* 40 *Ga. App.* 700, 702 (151 S. E. 414); *Postal Telegraph-Cable Co.* v. *Puckett,* 24 *Ga. App.* 458, 463 (101 S. E. 397), and cit.;

Illinois Central R. Co. *v.* Sheegog, 215 U. S. 308 (30 Sup. Ct. 101, 54 L. ed. 208); Chicago Ry. Co. *v.* Dowell, 229 U. S. 102 (33 Sup. Ct. 684, 57 L. ed. 1090); 28 U. S. C. A. 287, 499, and cit.

4. One of the limitations placed by Congress on the right of a non-resident defendant to remove a cause pending in a State court to a Federal court is that such removal can not be had if there is more than one defendant and one or more are residents of the State, unless the cause involves "a controversy which is wholly between citizens of different States, and which can be fully determined as between them." U. S. Jud. Code, § 71; 28 U. S. C. A. 3, § 71.

5. If an action in a State court, joining a resident with a non-resident defendant, is merely fictitious as to its joint nature, such an attempt to confer exclusive jurisdiction on the State court constitutes a fraud upon the jurisdiction of the Federal court and upon the non-resident defendant.

6. (*a*) For a pleader in a petition for removal "to apply the epithet 'fraudulent' to the joinder will not suffice; the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." This must appear from allegations of fact in the petition, or be invoked by the petition from what appears in the plaintiff's own pleadings. Chesapeake &c. Ry. Co. *v.* Cockrill, supra; 28 U. S. C. A. 207, 461, 462, and cit.

(*b*) To show in a petition for removal that a suit was formerly brought against the non-resident defendant, and that, upon notice being given by him to the plaintiff of his intention to file a petition for removal, the action was dismissed, and that it was subsequently reinstituted as a joint action against a resident and the non-resident defendant, might tend to indicate motive or purpose; but where the plaintiff, under the laws of the State, has the right or option of suing such defendants jointly, the question is whether the facts appearing in the petition for removal and on the face of the record show the non-existence of a joint cause of action, and this is a question for the State court to determine. In the case of a tort which gives rise to a joint and several liability, the plaintiff has an absolute right to elect, and to sue the tortfeasors jointly if he sees fit, no matter what his motive. Ill. Cen. R. Co. *v.* Sheegog, supra. "He may have preferred to have the case tried in the State court," just as the non-resident defendant may prefer the Federal court. "But these preferences or motives, not fraudulent or unnatural, were of no consequence. They were immaterial in determining whether the plaintiff had a legal right to bring a joint action against [the defendant], and to carry it on that form to a conclusion." Chicago &c. Ry. Co. *v.* Willard, 220 U. S. 413, 427 (31 Sup. Ct. 460, 55 L. ed. 521, 527); Chicago Ry. Co. *v.* Dowell, supra; 28 U. S. C. A. 208, 209, and cit.

(*c*) The ground of the petition to remove, to the effect that the allegations of the plaintiff's petition as to the resident defendant are false and untrue, and were known to be such when the present suit was instituted, amount to nothing more than a traverse of the allegations of the plaintiff's declaration. "In no case can the right of removal be established by a petition to remove which amounts simply to a traverse of the facts alleged in the plaintiff's petition, and in that way undertaking to try

the merits of a cause of action, good upon its face." Southern Ry. Co. v. Lloyd, 239 U. S. 500 (36 Sup. Ct. 210, 60 L. ed. 406); *Postal Telegraph-Cable Co.* v. *Puckett,* supra.

(d) Where, according to the averments of the plaintiff's declaration, the alleged tort was the result of a conspiracy between the resident and non-resident defendants, and it is charged that, acting concurrently, they caused the alleged wrong to be perpetrated, the naked allegation in the petition for removal that the resident defendant "was in no way connected or concerned in any alleged transaction set out in plaintiff's petition," is itself nothing more than a denial of the truth of what the plaintiff has averred. There is nothing in the plaintiff's declaration, or in the petition to remove, which could be taken as in any wise indicating that the facts set forth by the plaintiff were impossible, incredible, or inherently improbable.

(e) Under the rule stated in paragraph 3 above, the allegations of the petition for removal, that the resident defendant "is not a real defendant herein, as the allegations of said petition do not in law set out a cause of action against him," raised a question of law for the State court to decide. It did not furnish ground to remove the cause in order that the Federal court might pass upon such question. If the judgment removing the cause be taken as in effect a holding that the petition failed to set forth a cause of action against the resident defendant, and that the cause was for this reason removable, the judgment was in this respect erroneous.

7. The action was not removable for any of the reasons set forth in the petition of the non-resident defendant.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED MAY 3, 1933.

*Boykin & Boykin, Willis Smith,* for plaintiff.
*Dorsey & Shelton, Ralph H. Pharr,* for defendant.