23022. CENTRAL TELEPHONE COMPANY OF GEORGIA v. FLOYD.

SUTTON, J. This was an action against a nonresident corporation for damages on account of injuries to the plaintiff's wife alleged to have been caused by negligence of the defendant. The petition alleged that as a result of the injuries he was compelled to expend $128.35 for medical expenses. It then set out the alleged acts of negligence. In the last paragraph of the petition the plaintiff alleges that as a result of the injuries to his wife by and on account of the defendant's negligence as set out, she has not been and will never be able to perform the usual domestic duties and maintain the usual marital relations of a wife, that he has suffered the loss of and been deprived of the value of her services in these respects, "and has, on account of defendant's negligence as aforesaid, been injured and damaged by the defendant in the sum of $2975.00." The prayer of the petition is as follows: "Wherefore, for his expenses in and about the premises, as herein set out and for the loss of the services of his wife as herein set out, plaintiff prays that he have verdict and judgment against the defendant." The defendant filed a petition to remove the case to the Federal courts, as the matter in controversy exceeded $3000. The trial court denied the petition and retained jurisdiction of the case; and to this judgment the defendant excepted. *Held*:

1. A civil action brought by a citizen of this State in the courts thereof against a nonresident defendant, where the matter in controversy exceeds $3000, may be removed by the defendant to the Federal courts. 28 U. S. C. A. § 71.

2. The State court has no jurisdiction to try an issue of fact made by a petition to remove a cause from the State court to the Federal court (*Lane Bros. Co.* v. *Rickard*, 135 *Ga.* 650 (2), 70 S. E. 565, Ann. Cas. 1912A, 234; Chesapeake & Ohio R. Co. *v.* Cockrell, 232 U. S. 146, 154, 34 Sup. Ct. 278, 58 L. ed. 544), yet the State court does have jurisdiction to determine questions of law made by the petition to remove, and in so doing to construe in connection therewith the pleadings of the plaintiff. *Thompson* v. *Pan-American Petroleum Corp.*, 46 *Ga. App.* 791 (169 S. E. 270).

3. In a suit for damages there should be a claim for damages in a definite sum, which may appear near or at the conclusion of the complaint. 49 C. J. 175, 176. It is the amount of damages laid in the declaration that fixes the jurisdiction. *Giles* v. *Spinks*, 64 *Ga.* 205; *Garfield Oil Mills* v. *Stephens*, 16 *Ga. App.* 655, 661 (85 S. E. 983). The prayer for relief forms no part of the statement of the cause of action, and can neither enlarge nor lessen the cause of action. 49 C. J. § 188, p. 173, and cases cited notes 35 and 36.

4. There is only one claim or demand in the petition for damages on account of the alleged negligence of the defendant, and that is in the final paragraph of the petition, wherein the plaintiff sets up that he has been damaged by the defendant's "negligence as aforesaid" in the sum of $2975. Properly construed, the complaint is for damages in this sum, one element of which was the medical expenses incurred by the plaintiff, and the other element of which was the loss of the services of his wife.

5. The only way the plaintiff could be recompensed for the medical expenses

incurred by him by reason of the injuries to his wife was as an element of damage caused by the alleged negligence of the defendant.

6. It follows that the trial judge properly denied the petition to remove the cause and retained jurisdiction thereof in the State court.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 27, 1933.

*Jay & Garden,* for plaintiff in error. *James H. Pate,* contra.