### 23712. GOODWIN *v.* CHARLESTON & WESTERN CAROLINA RAILWAY COMPANY *et al.*

DECIDED JUNE 18, 1934.

*Bussey & Fulcher, Pierce Brothers,* for plaintiff.
*Cumming & Harper,* for defendants.

JENKINS, P. J. In this petition to remove, it is contended that the joining of the resident defendant with the nonresident defendant was fictitious and fraudulent and made merely for the purpose of preventing removal. The plaintiff's petition alleged that he was injured while doing repair work in the ceiling of a car in a railroad yard, on account of the negligent moving of the car, the injury resulting in the loss of an eye. The action is brought against the nonresident railway company and its resident general foreman, who it is alleged had charge, control, and supervision of all employees working in said yard, having the right to employ and discharge and direct them in their work; it is alleged that among his duties was that of protecting the various employees while engaged in their work; that at the time of the injury, the plaintiff had been assigned by said foreman to do the particular work on

which he was then engaged; that the foreman at the time of the injury was in charge of the men working in the vicinity of the car in which the plaintiff had been ordered to work; that it was the duty of such foreman to see that no one moved the car while the plaintiff was thus engaged in the work to which he had been assigned by the foreman himself; but that such foreman failed to perform such duty, "in that he stood by and negligently permitted the moving of said car in which plaintiff was working without giving plaintiff any warning or notice that said car was about to be suddenly moved." In the petition to remove it is set forth as an independent fact, not already appearing from the plaintiff's petition and therefore not merely by way of traverse, that the duties of the general foreman extended over various named similar yards of the defendant railway company in South Carolina and Georgia; that it was physically impossible for him to be present and directing the actions and movements of all the employees of the railway company in the various yards named, over which, it is stated in the petition to remove, he had general supervision, but not actual management and direction; and that his being merely present in another part of the yard, but not immediately present at the car wherein the accident occurred, at the time of the injury, would not render him personally liable. The petition to remove goes further and in effect traverses the allegations of the plaintiff's petition as above indicated, by denying that such foreman had charge of and was directing the actual moving of the car, or was responsible for its safety, and by in effect denying other allegations of the petition.

The independent fact alleged in the petition to remove, that the defendant foreman was not merely the foreman in charge of the work in the particular yard where the accident occurred, but had general supervision over various yards of the defendant railway company in two States, does not render the allegation of the plaintiff's petition that such foreman had actual and active charge of the particular work at the time of the injury impossible, incredible, or inherently improbable, in view of the plaintiff's statement that this foreman had assigned him to do the particular work on which he was engaged at the time of the injury, and the defendant railway company's statement, in its petition to remove, that this foreman was actually present at the time of the injury in the yard where the plaintiff was working. While the petition to remove goes

further and in effect traverses the averments of the plaintiff's petition to the effect that such general foreman had assumed actual charge of the work at the time the accident occurred, and other averments, it is not the office of a petition to remove to raise issues of fact by what amounts simply to a traverse of the facts alleged in the plaintiff's petition. The case is in all essential respects controlled by the recent decision of this court in *Thompson* v. *Pan-American Petroleum Corporation,* 46 *Ga. App.* 791 (169 S. E. 270). See also So. Ry. Co. v. Lloyd, 239 U. S. 496, 500 (36 Sup. Ct. 210, 60 L. ed. 406) ; Chicago Ry. Co. v. Willard, 220 U. S. 413, 427 (31 Sup. Ct. 460, 55 L. ed. 521, 527) ; Chesapeake Ry. Co. v. Cockrell, 232 U. S. 146 (34 Sup. Ct. 278, 58 L. ed. 544) ; Illinois Central R. Co. v. Sheegog, 215 U. S. 308 (30 Sup. Ct. 101, 54 L. ed. 208) ; Chicago Ry. Co. v. Dowell, 229 U. S. 102 (33 Sup. Ct. 684, 57 L. ed. 1090). Moreover, the petition to remove on the ground that there was a fraudulent joinder for the purpose of defeating removal to the United States court does not show that the plaintiff in the action actually knew of the independent facts set up in the petition to remove, but only that he "knew or should have known" of the existence of such facts. It can not be said as a matter of law that the plaintiff must have known that the facts set forth in the petition to remove were true. Consequently, for this additional reason it is not made to appear that the action was instituted in bad faith, in that the plaintiff had no "reasonable ground for a bona fide belief in the facts upon which the liability of all the defendants depends." See Hukill v. Maysville Co., 72 Fed. 745.

 *Judgment reversed. Stephens and Sutton, JJ., concur.*