24923. FOWLKES *v.* RAY-O-VAC COMPANY *et al.*

Decided December 24, 1935.

*Clifford Hendrix, Hendrix & Buchanan,* for plaintiff.

*Bryan, Middlebrooks & Carter, John A. Dunaway,* for defendants.

JENKINS, P. J. A mother as next friend of an alleged emancipated minor daughter brought a suit for personal injuries against a non-resident corporation and the resident father of the minor. The minor and her mother also were residents of Georgia. The petition alleged that the minor was injured while riding as a gratuitous guest of the defendants in North Carolina; and that the injury was occasioned by reason of the father's gross negligence, as the actual tort-feasor, in violating motor-vehicle statutes of that State, and in other alleged acts. It was sought to hold the corporation liable for the acts of the father solely because he was driving the car "in the scope of his employment and in the furtherance and benefit of the business" of the corporation. It was stated that the minor "at the time of receiving the aforesaid described injuries was emancipated, and is now emancipated at the time of the filing of this action;" that she was capable of earning and actually earning $60 a month, had herself expended named amounts for medical services and hospital expense, and that her injuries had disabled her from the performance of her work. The non-resident corporation filed a petition for removal to the Federal court, which, besides the usual averments of Federal jurisdiction,

set forth that the joining of the defendant father was not made in good faith, but was a mere pretense and device to defeat the lawful jurisdiction of the courts of the United States, because the petition on its face showed that it was brought in tort by a married woman, as next friend of her minor daughter, against her husband, the father of the minor; that under the common law a wife could not sue even as next friend; that a minor could not sue a father; and that this suit against husband and father was prohibited by public policy at common law and under the laws of Georgia and of North Carolina, where the accident occurred. The plaintiff assigned error on the order directing the removal of the cause. The defendant moved to dismiss the writ of error, on the grounds that the filing of its petition for removal and bond ipso facto removed the cause without order of the State court, ending its further jurisdiction, that this court is without jurisdiction to entertain a bill of exceptions from such order, and that the order was correct under the contentions in its petition for removal.

1. "Before surrendering, upon a petition for removal into the Federal court, its jurisdiction over a pending case, the State court must have before it a petition which, taken in connection with the record, sets out all the facts necessary to show a right of removal on the part of the petitioner. Final decision by the superior court upon the sufficiency of the petition is subject to review by the proper appellate court of the State. . . The State court has no jurisdiction to try an issue of fact made by a petition to remove a cause from the State court to the Federal court. . . [It] does, however, have jurisdiction to determine questions of law made by the petition to remove, and in so doing to construe in connection therewith the pleadings of the plaintiff." *Thompson* v. *Pan American Petroleum Co.,* 46 *Ga. App.* 791 (169 S. E. 270), and cit. Questions of law, involving the final surrender of jurisdiction by a court of this State, are determinable by this court.

2. "In the case of a tort which gives rise to a joint and several liability, the plaintiff has an absolute right to elect, and to sue the tort-feasors jointly if he sees fit." Where a cause of action for concurrent negligence is so stated in a petition, without any allegation of a distinct act of negligence by a non-resident codefendant, a petition for removal to a Federal court, merely traversing the averments of the petition, or stating conclusions of law without

340

supporting facts that the joinder of the resident defendant was fraudulent, fictitious, or not in good faith, will not vacate the jurisdiction of the State court. *Thompson* v. *Pan American Petroleum Cor.*, supra; *Postal Telegraph-Cable Co.* v. *Puckett*, 24 *Ga. App.* 458 (5-7) (101 S. E. 397); *Goodwin* v. *C. & W. C. Ry. Co.*, 49 *Ga. App.* 265 (175 S. E. 263). In *Armour* v. *Bowden*, 50 *Ga. App.* 476 (3, 4) (178 S. E. 394), the petition showed separate acts of negligence against the non-resident defendant, and therefore a separable and removable controversy between the plaintiff and the non-resident.

3. Under the general rule, the law of the forum governs as to the parties and the right to sue; and this rule applies in actions between parent and child. 12 C. J. 459, 485.

4. While an unemancipated minor can not sue a father for a tort to himself (*Chastain* v. *Chastain*, 50 *Ga. App.* 241, 177 S. E. 828; *Bulloch* v. *Bulloch*, 45 *Ga. App.* 1, 163 S. E. 708; Small *v.* Morrison, 185 N. C. 577 (118 S. E. 12, 31 A. L. R. 1135), and cit.); yet the rule is different, and such an action is maintainable, if the child was emancipated at the time of the tort and the action. See *Hargrove* v. *Turner*, 112 *Ga.* 134 (37 S. E. 89, 81 Am. St. R. 24); *Culberson* v. *Alabama Construction Co.*, 127 *Ga.* 599, 600-603 (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507); *Farrar* v. *Farrar*, 41 *Ga. App.* 120 (3) (152 S. E. 278); *Coleman* v. *Dublin Coca-Cola Bottling Co.*, 47 *Ga. App.* 369 (2), (5), 373 (170 S. E. 549); 46 C. J. 1325, § 159, and cit. Therefore there is no merit in the ground of the non-resident defendant's petition for removal, that the alleged emancipated minor, suing the resident father and the non-resident defendant as joint tort-feasors for loss of the minor's earnings, could not sue the father for his tort, and that for this reason the joining of the father was fictitious or not in good faith.

5. A suit commenced and prosecuted by an infant alone is not void. Code of 1933, § 3-115. The alleged emancipated minor being the real party at interest, and the question as to the proper nominal party plaintiff not being now before this court for determination, the petition of the plaintiff and the petition for removal, the only pleadings yet filed, did not show that there was a separable and removable controversy as to the non-resident defendant, merely because the minor sued by her mother as next friend. The

plaintiff's petition showing only a joint cause of action for the alleged concurrent negligence of the resident and the non-resident defendants, and no separable controversy as to the non-resident, and the petition for removal failing to show that the joining of the resident was fictitious or colorable, the order granting the removal was erroneous. In the event of demurrers being filed by both or either of the defendants, raising the question as to the proper nominal party plaintiff, or questions as to whether .the petition shows any liability against either of the defendants, it would then be for that court to determine such questions. See, as to the proper manner of bringing suit by a minor, and whether such a suit against the father can be brought by the mother as next friend: *Harris* v. *Johnson,* 98 *Ga.* 434 (2), 437 (25 S. E. 525) ; *Hargrove* v. *Turner,* supra; *Wickham* v. *Torley,* 136 *Ga.* 594, 597 (71 S. E. 881, 36 L. R. A. (N. S.) 57) ; *Coleman* v. *Dublin Coca-Cola Bottling Co.,* supra; *Heyman* v. *Heyman,* 19 *Ga. App.* 634 (92 S. E. 25) ; Bagley *v.* Forrester, 53 Fed. (2d) 831, 833.

*Judgment reversed. Stephens and Sutton, JJ., concur.*