### 25102. HERCULES POWDER COMPANY *v.* DEEN.

DECIDED JULY 9, 1936.

*Bennett & Bennett, Reese, Scarlett, Bennet & Highsmith,* for plaintiffs in error.

*Wade H. Watson,* contra.

MacIntyre, J. Mrs. Dave H. Deen brought an action for damages in the city court of Waycross, Ware County, Georgia, against Hercules Powder Company, "a corporation with its principal office and place of business in the County of Glynn said State [Georgia], and . . D. W. Lane, . . a resident of the County of Ware, said State." The defendant company assigns error on the refusal of the trial court to grant an order removing the case to the Federal court.

The petition substantially alleges, in designated paragraphs, as follows: 2. That said defendants "damaged ... petitioner in the sum of . . $20,000, . . by reason of the facts as hereinafter set out and alleged." 3. Hercules Powder Company is engaged in the manufacture of turpentine extracted from lightwood-stumps and other lightwood-timber procured from various parts of south Georgia, and "in doing such business . . employs a great many people to get the stumps and timber and haul same from the woods and load on cars of railway company, to be shipped to its plant at Brunswick, Georgia." 4. "That at the time hereinafter alleged the said D. W. Lane was agent and employee of the said . . company, being a manager or superintendent of said company, with the duties of looking after and superintending the work so being carried on by said company, and especially such work in the southern part of this State between Waycross and Folkston, Georgia, and the surrounding territory near Waycross, and as such employee the said . . Lane was looking after and superintending the work of said company being done between Waycross and Folkston, Georgia, and had several men and trucks engaged in such work, and as such agent and employee it was his duty to visit such men and such work, and for the purpose of so doing the said . . company . . furnished him with an automobile to use in the discharge of his duties as such employee and superintendent, and on the occasion hereinafter described . . he was acting within the scope of his employment and was driving a car . . of said . . company so furnished him by said company. . . " 5. ". . On

Monday morning, January the 7th, 1935, . . petitioner's husband, Dave H. Deen, in company with E. E. Smith and others, was going to Jacksonville, Florida, . . riding in the car of . . E. E. Smith, . . traveling towards Jacksonville on U. S. Highway No. 1 about twenty or twenty-five miles south of Waycross and between Waycross and Folkston, Georgia, . . and the said . . Smith, the owner and driver of the car in which petitioner's husband was riding, was driving at a very reasonable rate of speed, less than forty miles per hour, when the defendant . . Lane, the agent and employee of . . defendant company, operating a Plymouth coach automobile of . . defendant company, overtook them, he, the said Lane, . . dashed by the . . Smith car running at . . not less than sixty miles per hour, and then turned directly in front of the said Smith car, and within a very short space and almost immediately, suddenly, without signaling or other warning of his intention to do so, stopped his car directly in front of the said Smith car, and near the middle of the road and in direct line with it, and the said Smith could not by the exercise of ordinary care . . have avoided hitting the said Lane car, and the said Smith did everything he could to prevent . . hitting the Lane car and exercised ordinary care . . and . . did his best to make a turn so as to miss the Lane car, as he could not stop in such a short space and time, and . . the rear end of the . . Smith car struck the Lane car, causing the Smith car to turn over, and in doing so . . injured said Dave H. Deen, causing his death. . ."

9. "Petitioner shows that the said defendants, at the . . place where the collision . . occurred . . . negligently, voluntarily, and carelessly caused and permitted the trucks and other vehicles used in hauling stumps and timber for said defendant company to be loaded on railway-cars, which loading was being carried on between the main track of the railway company at said point and the highway No. 1 and a spur-track, to improperly use said highway and damage same at said point and make same more hazardous by driving off, across, and upon said highway at all kinds of angles, there being no road-crossing for such vehicles at said point, and no provision having been made for the using of said highway at said point in that way, and said use injured and damaged said road, that is the approaches to the main bed of said road on either side thereof, in that said use cut down the shoulders of said road

and made more narrow and hazardous the road at said point for travelers to meet or pass on said road; all of which was not known by the said Smith and other occupants of said Smith car, and the said defendants had not posted any notice of such use and condition of said road, and gave no notice or warning to said Smith or other occupants of said car on the date of the collision." 10. "Petitioner shows that said injury to her said husband . . was caused by the defendant Hercules Powder Company, its agents and employees, and the said D. W. Lane acting as agent and employee of said . . company in committing the acts aforesaid, and also by him in his individual capacity, and the said injury was the result of said damages caused by the negligent, voluntary, and careless acts of said defendant company, its agents and employees, and the said agent D. W. Lane aforesaid and as an individual aforesaid, in the following particulars and manner:" (a) "In failing to give any signal or other warning before stopping the said Lane car on the highway in front of the Smith car as the law required. . ." (b) "In voluntarily and negligently stopping the automobile on said highway suddenly and without notice or warning while running only a short distance ahead of the Smith car." (c) "By stopping said car on the highway and so blocking the said road immediately in front of said Smith so that he could not safely stop his car or go around the said Lane car without hitting same." (d) "By stopping said Lane car on said highway just in front of the Smith car, knowing at the time he stopped that the Smith car was close to and right behind him going in the same direction, and in so blocking said road immediately in front of said Smith car, so that he could not by exercise of ordinary care . . avoid the hitting of the said Lane car." (e) "In that said Lane, just before the collision overtook the said Smith car, dashed around the said Smith car, running at a rapid rate of speed of approximately 60 miles per hour and in violation of the law as to speed of such car on said highway, and then getting right directly in front of said Smith car and stopping, causing the injury." (f) "In permitting and causing the improper use of said highway at said point, in cutting down and upsetting parts of the shoulders to said highway so as to make the road more narrow and more hazardous at said point to pass or meet, and without giving any notice or warning of such use and condition."

(g) "By stopping said Lane car at said point on said highway opposite the place where defendants had rendered said road more hazardous to pass than at other points along said road."

We quote from the petition for removal as follows: "Plaintiff alleges . . that the defendant D. W. Lane, while acting as the agent and employee of this defendant, negligently stopped his car in front of the car in which plaintiff's husband was riding, without warning and with such suddenness that a collision resulted because of the inability of the driver of the car in which plaintiff's husband was riding to stop his car in time or go around the Lane car. Plaintiff further alleges, however, as a separate and distinct ground of negligence, that this defendant at the point on the road in question had carelessly and negligently torn up and abused the road and the shoulders thereof, so as to make it dangerous for one car to pass another, and that this alleged negligence on the part of this defendant, its servants and employees, contributed to and was the cause of the collision which resulted when plaintiff's husband attempted to pass the Lane car." It is obvious from the sentence last quoted that the plaintiff in error contends that the allegations of paragraph 9 of the petition make a "separable controversy;" the petition for removal having previously averred that the plaintiff was a citizen and resident of Appling County, Georgia, and Hercules Powder Company "a resident and citizen of the State of Delaware." Paragraph 4 of the petition impresses D. W. Lane with the special duty of looking after and superintending the work done at the place where the road was narrowed by the trucks and other vehicles of the Hercules Powder Company, and specifically avers that he was performing that duty and "had several men and trucks engaged in such work," and that said company furnished him with an automobile to use in the discharge of his duties. We do not think that the fact that Lane had similar duties to perform "between Waycross and Folkston . . and the surrounding territory near Waycross" can be deemed to nullify the allegations referred to above. If there was any person other than Lane responsible for the performance of the work in question, the petition does not indicate it, and this court can not assume it. It is averred in paragraph 9 of the petition that "the said defendants, at the time and place where the collision aforesaid took place, . . negligently, voluntarily, and carelessly

caused and permitted the trucks and other vehicles . . to improperly use said highway and damage same." Paragraph 10 alleges that the injury to the petitioner's husband "was caused by the defendant Hercules Powder Company, its agents and employees, and the said D. W. Lane acting as agent and employee of . . defendant company." The accredited test in such cases is stated in *So. Ry. Co.* v. *Edwards,* 115 *Ga.* 1022 (42 S. E. 375), in this language: "Although there may, in a suit against two or more defendants, one of whom is a non-resident, be charges of concurrent negligence against all, yet if there be also a distinct charge of negligence against the non-resident alone, sufficient in and of itself to give rise to a cause of action, the case is one involving a separable controversy between citizens of different States, and therefore removable to the proper United States court." This rule was applied in *Armour* v. *Bowden,* 50 *Ga. App.* 476 (3) (178 S. E. 394). "One of the limitations placed by Congress on the right of a non-resident defendant to remove a cause pending in a State court to a Federal court is that such removal can not be had if there is more than one defendant and one or more are residents of the State, unless the cause involves 'a controversy which is wholly between citizens of different States, and which can be fully determined as between them.' U. S. Jud. Code, § 71; 28 U. S. C. A. 3, § 71." *Thompson* v. *Pan American Petroleum Cor.,* 46 *Ga. App.* 791 (4) (169 S. E. 270). See also *Vanzant* v. *So. Ry. Co.,* 135 *Ga.* 444, 448 (69 S. E. 721), from which we quote as follows: "The petition having generally charged acts of negligence alleged to be the joint acts of the defendants, the court has no right to say that any separable controversy existed. . . The plaintiff had a right to bring the suit as he saw fit, and the question as to whether any one defendant was properly charged with an act of negligence alleged against him is not for determination upon a motion to remove the case to the Federal court." We hold that the judge did not err in refusing to grant an order removing the case to the Federal court.

*Judgment affirmed. Guerry, J., concurs. Broyles, C. J., dissents.*